FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -7 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00653-ZLW

MICHAEL ANDRE COMPTON,

    Plaintiff,

v.

STEPHANIE PODOLAK,

    Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiff Michael Andre Crumpton's Motion to Reconsider filed with the Court on June 16, 2005. Mr. Crumpton is a federal prisoner who currently is incarcerated in Colorado. On April 1, 2005, Mr. Crumpton submitted to the Court a Prisoner Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On June 3, the Court dismissed the Complaint as legally frivolous. For the reasons stated below, Plaintiff's Motion to Reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A post-judgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*,

863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order filed on June 3 dismissed the Complaint and action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. The instant Motion was filed on June 16. Plaintiff has filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Crumpton fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. The Order filed on June 3 discusses the reasons the Court dismissed the Complaint. Contrary to Plaintiff's arguments in the Motion to Reconsider, Defendant Podolak's actions were intimately associated with the

judicial process. As the United States attorney who prosecuted Plaintiff she is entitled to qualified immunity in the instant action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's Motion to Reconsider, filed June 16, 2005, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 6 day of July, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00653-ZLW

Michael Andre Crumpton
Reg. No. 27217-013
USMCFP – Springfield
P.O. Box 4000
Springfield, MO 65801

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/7/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk