IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00653-MSK-PAC
(Consolidated with Civil Action No. 05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL ANDRE CRUMPTON,

    Plaintiff,

v.

SA MARK FINNIN, Officially and Individually, *et al*.,

    Defendants.

## ORDER

Patricia A. Coan, United States Magistrate Judge

This is a *pro se* prisoner consolidated civil rights action under 42 U.S.C. §1983. The matters before the court at this time are: (1) The BOCC's Motion to Strike Plaintiff's Written Discovery Requests (Doc. #61), filed October 25, 2006; (2) The Federal Defendants' Motion to Strike Plaintiff's Written Discovery Requests (Doc. #63), filed October 27, 2006; and (3) Defendants City of Aurora and Finnin's (Official Capacity) Motion to Strike Plaintiff's Written Discovery Requests (Doc. #66), filed October 30, 2006. The case has been referred to the undersigned for pretrial management. The motions are ripe for disposition.

At the preliminary scheduling conference on August 1, 2006, I entered orders concerning the scope of written discovery. Specifically, I granted plaintiff leave to serve each set of defendants – the County, the City defendants, and the Federal defendants – with three interrogatories, three requests for production of documents, and three requests

for admissions. *See* August 1, 2006 Minute Order (Doc. #37). Plaintiff was ordered to serve defendants with his written discovery requests thirty days before the discovery deadline. *Id.* The discovery deadline was October 2, 2006. *Id.*

On October 5, 2006, plaintiff served the BOCC with nine interrogatories and nine requests for production of documents. *See* BOCC's Motion to Strike and attached Ex. A-1. On October 6, 2006, plaintiff served the City defendants with seventeen interrogatories, eight requests for production of documents, and fifteen requests for admissions. *See* Defendants City of Aurora and Finnin's (Official Capacity) Motion to Strike . . ., and attached Ex. A. On October 6, 2006, plaintiff served the Federal defendants with twenty-two interrogatories, seventeen requests for production of documents, and seven requests for admissions. *See* The Federal Defendants' Motion to Strike . . . , and attached Ex. A-1.

Defendants move to strike plaintiffs' written discovery requests as untimely and for failure to comply with the numerical limits set by the court at the preliminary scheduling conference on August 1, 2006.

Plaintiff does not offer any explanation about why he failed to serve defendants with discovery requests by September 2, 2006, in accordance with the August 1, 2006 Order. Instead, plaintiff argues that he complied with the numerical limitations in the August 1, 2006 order, which he interpreted as "three sets versus three single interrogatories, admissions, document request." Plaintiff's Response, at 3.

Because plaintiff is *pro se*, I will allow him one final opportunity to comply with the court's August 1, 2006 order so that he may avail himself of discovery in this action. Plaintiff is advised, however, that his *pro se* status does not excuse him from complying

with court orders or the Federal Rules of Civil Procedure. *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

Accordingly, it is

**HEREBY ORDERED** that (1) The BOCC's Motion to Strike Plaintiff's Written Discovery Requests (Doc. #61), filed October 25, 2006; Defendants City of Aurora and Finnin's (Official Capacity) Motion to Strike Plaintiff's Written Discovery Requests (Doc. #66), filed October 30, 2006; and, (3) The Federal Defendants' Motion to Strike Plaintiff's Written Discovery Requests, filed October 27, 2006 are **GRANTED** as follows:

Plaintiff's First Sets of Interrogatories, Request for Admissions, Request for Production of Documents, served on the defendants in October 2006, are **STRICKEN** for failure to comply with the court's August 1, 2006 order.  It is

**FURTHER ORDERED** that plaintiff may serve <u>amended</u> interrogatories, requests for admissions, and requests for production of documents on the BOCC, the City defendants, and the Federal defendants, **on or before January 8, 2007.  The written requests must be received by defendants on or before January 8, 2007.**

To clarify the August 1, 2006 order, plaintiff may propound three <u>single</u> interrogatories, three <u>single</u> requests for production of documents, and three <u>single</u> requests for admissions, to the County, to the City defendants, and to the Federal defendants.  Further, plaintiff need not make a document request in conjunction with each interrogatory. Instead, plaintiff can make a single request for production of all documents which support the defendants' answers to the interrogatories.   It is

**FURTHER ORDERED** that defendants shall respond to plaintiff's written discovery

requests within thirty (30) days of receipt.

Dated December 5, 2006.

BY THE COURT:

s/ O. Edward Schlatter *for*
PATRICIA A. COAN
United States Magistrate Judge