IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Honorable Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC (Consolidated With Civil Action No.05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL A. CRUMPTON,

    Plaintiff,

V.

SA MARK FINNIN, Officially and Individually, et al.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 26 2007

GREGORY C. LANGHAM
CLERK

---

PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANTS TO RESPOND TO PLAINTIFF'S ADMISSIONS, INTERROGATORIES AND DOCUMENT REQUEST

---

### INTRODUCTION

Comes now Michael A. Crumpton prose (Plaintiff). Plaintiff by this action asks the court to compel Federal Defendants to file adequate responses to Plaintiff's discovery request.

1. Plaintiff is Michael A. Crumpton; Defendant is Finnin, Langley,LoTurco, Wright, Wonn, Johnson and Podolak, in their individual and Official Capacity.

2. Plaintiff sued defendants for deprivation of property without due process of law. And unlawful search and seizure.

3. On December 18, 2006 Plaintiff served Interrogatories, Admissions, and Document request on above named defendants and/or representative (Herein after Finnin et al refers to as Federal Defendants). On January 22, 2007 Federal Defendants served objections to the following discovery request:

Request for Admissions No. 2; Request for admissions No.3; Interrogatory No.2, Interrogatory No. 3.; Document request No. 3.

Because Federal defendants objections are unfounded, the court should compel Federal Defendants to respond to the discovery request.

4. Plaintiff conferred with Amy L. Padden (representative for defendants) in a good faith effort effort to resolve the dispute without court action as required by Federal Rule of Civ. P. 37(a)(2)(B) and as shown in the attached certificate of conference, but was unable to resolve the dispute.

### B. ARGUMENT

5. The court may compel responses to discovery if the party Objects or gives evasive or incomplete responses to discovery request. <u>Toma v. City of Weatherford</u>, 846 F.2d 58, 60 (10th Cir 1988).

6. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case Fed. R. Civ.P. 26 (b). Information is discoverable if it appears"reasonably calculated to lead to the discovery of admissible evidence." As defendants have made invalid and improper objections to discovery request".

7. The court should grant Plaintiff's motion to compel for the following reasons:

a. Federal Defendant did not answer request for admission No.2 regarding: Please admit: Stephanie Podolak had as her duty authority to determine which if any of Plaintiff's property (Property listed in F.B.I. business records attached as exhibits to defendants, motion for summary judgment) was of use or no longer of use in aid of Co-defendant Darian Hunter's appeals.

Defendant asserted equivocal response by both objecting and denying admission. And further listed a number of grounds eg... "request is not reasonably calculated to lead to discovery of admissible evidence... " Podolak's duty is irrelevant in this Bivens action... And other defendants cannot truthfully

admit or deny...or have no personal knowledge.

Plaintiff contends this objection is invalid, evasive and obstructive. On the grounds that plaintiff poses a factual admission or opinion, as whether in fact defendant Podolak's duty or job (or by whichever term of art is applicable) to determine what if any of Plaintiff's alleged property was not needed in aid of Hunter's appeal; and thereby narrow the issues as to whether which items of plaintiff's property could be returned and whether defendant's actions amounted to involvement. This inquiry is relevant pursuant to Fed.R.Civ.P 26 (a), as it bears upon the substantive issues of law and fact eg... when, where, in time plaintiff was entitled to the return of any of his alleged property.And in light of the numerous affirmative defenses raised by defendants within there answers.

b. Federal defendants objections to admission No.3 are unfounded and the court should compel defendant to respond.

1. Plaintiffs request for admission # 2: Please admit Stephanie Podolak had no need for the following property in aid of Co-defendant Hunter's appeal: Laptop computer with disk, Icom Scanner, Anarchist Cookbook...

2. Defendant objected on grounds request is; vauge and amibuous  because it does not specify a time frame. not reasonably calculated to lead to discovery of admissible evidence. And privileges. Id at attachment.

3. Plaintiff contends matter should be deemed admitted. Defendants arguement in response seems to be one of relevance eg..."thus the issue was not whether the evidence was needed "in aid of [his] appeal." The narrow and constrictive view asserted by the defendant is improper as Plaintiff has established through pleadings and case law the issue is when, where why, how and whom deprived him of his property. And more over issues of involvement. Thus plaintiff's inquiry are whithin the scope of Fed. R. Civ. P. 26 (a),(b)(1).

Defendants further invoke a number of privileges; which fail to coply with Fed. R. Civ.P. and Plaintiff instructions ie... The party must serve a response that includes information sufficient to allow the court and requesting party to access

the applicability of the claimed privivilege. Inadmisibility is not a ground for

objection to discovery. <u>Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978)</u>

    c. Defendant did not answer interrogatory number 2 regarding: Identify

items of plaintiff's property which was the subject of synopisis drafted and approved

by defendants Wonn and Wright...

    1. Defendants objected to interrogatory on grounds,items identified in

memo were not plaintiff's property.  As set forth in plaintiff's letter of confer-

ence (attached and incorporated by reference). Plaintiff contends that defendants

failure to identify the items on said grounds is a unilateral decision, which

is obstructive of litigation. And the items or property identity are material to

resolution of issues of involvement and identification of Plaintiff's property.

This request is within the scope of discovery permitted by Rule 26 (b), see;

<u>Toma v. city of Weatherford 846 F.2d 58, 60 (10th Cir. 1988)</u>

    d. Federal defendants did not answer Interrogatory number 3, regarding;

List date time and item of property, and person who/used employed plaintiff's

property (Property listed in F.B.I. [sic] business records) in aid of plaintiff's

prosecution and co-defendant Hunter's appeal.

    1. Defendant objected to this request citing; Attorney client, Work

product privileges. Overly broad and unduley burdensome. Not calculated to lead

to admissible evidence. And "the issue is not whether the evidence was needed in

aid of his [Hunter's] appeal"...(which plaintiff can only surmise is a relevance

issue).

    2. Plaintiff contends the objection are unwarranted on a number of grounds

asserted above and are unfounded unwarranted and non specific, or boiler plate

responses which are invalid objections. Again the defendants intend to define

what the issues are or should be which are a matter of law. Which plaintiff

contends is within the scope permitted by rule 26 (b) and established within the

numerous cases set forth in his pleadings eg... Colman v. Turpen. Whether and

what point in time Plaintiff may have been entitled to return of property.

The information responsive to these request are necessary to this litigation.

e. Defendants objected to Plaintiff's document request No. 3:
Produce any document or communication: between the City of Aurora Police department (agents), U.S. Attorneys office for the district of Colorado, Federal Bureau of Investigation for the district of Colorado, regarding the status or disposition of any of plaintiff's property which forms the basis of his complaint, on or about and between 1996-present.

1. Defendants objected to this discovery request citing: Attorney client privileges and work product. and on grounds the City of Aurora Police dept. nor the F.B.I. are defendants.

2. Plaintiff contends objections are invalid and unwarranted. Defendants argument in regards to whether the Aurora Police dept. and F.B.I are not defendant; quibbles over meaning as Plaintiff has sued defendants in their individual/official capacities, as acting within the scope of there respective agencies. And as such records or memo are generated (or likely) as a course of buisness. And therefore discoverable and relevant to this litigation, as to plaintiff's claims of custom, policy, and conspiracy.

f. Plaintiff further request the court to compel defendants to set forth clear and unequivocal responses to the remaining discovery request which may be qualified in a way which renders responses inadmissible as conflicting answers. Responses:  Interrogatory No 1 "Subject and without waiver of objection, Defendants state"... Also Document request No. 1 Same; Document request No.2 same. If these answers can be found to be evasive,cryptic or incomplete upon compulsion of further discovery or via future proceedings, plaintiff seeks to have matters admitted or sanctions.

8. Plaintiff asks the court award sanctions against Federal defendants for his/her refusal to comply with the discovery request. Fedr. Civ. P 37 (a)(4) (A). Plaintiff asks the court to award sanctions of; Deeming admissions admitted, Compeling  compliance with document disclosure, or strike Defendants Answer.

## C. CONCLUSION

10. Because Plaintiff's request are proper and because the Federal defendants have refused to comply with the rules, the court should compel Federal Defendants to respond adequately and should award Plaintiff sanctions as deemed proper by the court including further depositions and interrogatories directed to Federal defendants, associated with obtaining compliance with the rule. As defendants have consistently demonstrated there intent to avoid answering to plaintiff's complaint as set forth in Plaintiff's motion to deem certain of federal defendants claims of insufficient knowledge or information... and Federal defendants response thereto. Including Federal defendants premature motion for summary judgment as a tactical stratagem to deprive Plaintiff of his day in court.

Plaintiff request hearing if necessary to resolve dispute.

CERTIFICATE OF SERVICE / DECLARATION


I hereby certify under the penalty of perjury that the foregoing
is true and correct., _Michael Crumpton_ 3-21-07 ___ 28 U.S.C.
§ 1746


MICHAEL A. CRUMPTON # 27217-013
Federal Correctional Institution
P.O. Box. 26010
Beaumont, Texas 77720-6010


I hereby certify that a copy of said document: FED. Compel _____
_____ was placed in prison mailbox or delivered to prison
authority, postage prepaid to be delivered to below named paties.,on
or before this day _Michael Crumpton_    3-21-07 _____


Office of The Clerk                    Amy L. Padden
U.S. District Court                    Assistant U.S Attorney
901-19th ST., Room A-105               1225 Seventeenth Street, Suite 700
Denver, Colorado 80294-3589            Denver, Colorado 80202


Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda parkway
Aurora, Colorado 80012

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Honorable Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC (Consolidated With Civil Action No. 05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL A. CRUMPTON,

    Plaintiff,

V.

SA MARK FINNIN Officially and Individually, et al.,

    Defendants.

---

PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS, INTERROGATORIES AND DOCUMENT REQUEST TO FEDERAL DEFENDANTS

---

Comes now Michael A. Crumpton pro se (Plaintiff). And hereby submits the following discovery request to Federal defendants, as set forth in December 5, 2006 Order of Patricia A. Coan, United States Magistrate Judge. And pursuant to Fed. R. Civ. P. 26, 33, 34 and 35.

## NOTICE OF DUTY TO SUPPLEMENT RESPONSES

Pursuant to Rule 26 (e) Of the Federal Rules of Civil Procedure, a party is under a duty to supplement or correct discovery responses to include information thereafter acquired if ordered by the Court or when the party learns that his prior responses to discovery request is in some material respect incomplete or incorrect and if additional or corrective information has otherwise been made known to other parties during discovery process or in writing.

INSTRUCTIONS

1.  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

2.  The answers are to signed by the person making them, and the objections signed by the attorney making them. All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

3.  In responding to these discovery request, please restate each discovery request before corresponding response.

4.  These discovery request seek responses as of the date received, unless otherwise noted, and are also continuing. Any additional information relating in any way to these discovery request acquires by or becoming known to Defendant prior to and during the trial, shall be furnished promptly to Plaintiff consistent with Fed.R. Civ. P. 33 and 34.

5.  With respect to each document responsive to discovery request that has been lost or destroyed since it's preparation or receipt, please identify the document, and state the discovery request to which it would otherwise be responsive. Different versions of the same document, drafts of document or documents with handwritten notations or other remarks not found on the original are different documents and shall be separately produced. Translate any code used, into useable form (layperson).

6.  If your response to any discovery request is that you lack knowledge of the requested information, please describe all efforts made by you to obtain the information necessary to answer the discovery request.

7. If your response to any discovery request is that you cannot respond fully, please, respond to the fullest extent possible, specifying the reasons for your inability to respond fully, and state the date by which you will make a complete response.

8.   If you state that any answer or document request by this action is not discoverable pursuant to any privilege (including but not limited to),attorney-client, work product doctrine,common law doctrine, Privacy act 5 U.S.C § 552a,,Freedom of Information act, or any other ground, Defendant(s) must specifically state each basis and grounds in sufficient detail to enable the court to decide whether such claim of privilege is proper. Also same as to any claim of "Unreasonable investigation", undue burden,Scope, lack of possession or control,vagueness or ambiguity.

## DEFINITIONS

1.   The term "you", "your" when used in these interrogatories,admissions,document production, shall embrace and include,in addition to named Defendant, counsel for said Defendant, all agents, servants, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for or on behalf of the named Defendant.

2.   The term "document" shall mean any hand written, typwritten,printed,recorded or graphic material in any form, including originals,copies and drafts, including without limitation "including but not limited to" correspondence, minutes of meetings, written memoranda or communications. Transcripts or testimoney, studies, reports, notes, notebooks, telephone message slips, diaries, computer diskettes or printouts, contracts, work papers, microfilm, or microfiche, together with all other items which are subject to request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3.   Terms "identify" or "identity", when set forth herein and referred to : A natural person, requires you to state his/her full name, present or last known business address and telephone number, and position, business affiliation of the person at the time of his actions in connection with matters alleged in this action. Same as set forth above for Corporation, business, document.

4.   Term " Communication" requires you state or identify : The document(s) which

refer to or evidence the communication, and to the extent the communication is non written, to identify the persons participating in the communication and to state the date, place, manner, and substance of the communication.

5.    Term "act" "conduct" requires you to list each participants act or omission that details the persons conduct which gave rise to the acts alleged or attempted to be alleged in this instant action, and what each participant did in relation.

6.    The terms "and" and "or" should be read interchangeably to give each discovery request its broadest possible scope, as should the singular and plural of any term used in these discovery request.

7.    As used herein the term "or" includes both the conjunctive and disjunctive uses of the word.

8. The term " on or about" when used herein is set forth to state approximate non-exact time frame when certain events set forth  transpired. Term "Property" refers to any property reasonbly related to or set forth in Plaintiff's second amend complaint. Or property reasonably known to you via investigation

9. The term "Agent" or "employee" when used herein refers to any named or unnamed Police officer, agent, Federal official, or State official, having involvment or knowledge of conduct set forth in Plaintiff's second amended complaint.

10.    The term "relating to" or "related to" mean embodying, pertaining to, concerning , constituting, comprising, reflecting, discussing, referring or having any logical or factual connection whatever to the subject matter specified.

11.    The term "Transfer or seizure" when used herein refers to the: Physical act of moving property from place to place or person to person, and agency. And the dominion, control, or possession and authority of any person doing said acts.

12. The term "evidential value" refers to any value or use of any of plaintiff's property, constituting legal evidence to defendant. And listing what value, use, reason, time, place, testing, exhibition, employment, in aid of any prosecution, investigation (including but not limited to).

13.    The term "disposition" refers to any act of transferring, disposing, seizure,destroying, selling,loaning,giving to third party., Any of Plaintiff's property.

14.    The term "Notice" when referred to in relation to Plaintiff's property is to mean the affirmative act of giving plaintiff notice calculated under the circumstances to inform him of any action regarding the disposition of his property.

15.    The term "person" refers to natural person,corporation, local government. And to be given it's normal meaning where not otherwise specified.

16.    The term "search/seizure when referred to herein, should be read both in the conjunctive and disjunctive. And interchangeably when proper. And is to be constr-ued within it's legal definition.

17.    The term "Property " further refers also includes but not limited to, any tangible or intangible item attributed to plaintiff or in reference to any identifier used by you refer to plaintiff by name or number via any investigation to which you are privey. Also any physical item eg... notes, automobiles, watches, clotes, scanners, firearms, books, clothing, electronic equipment. etc...

18. The term "Authority or Authorized" when used herein means: any such person, agent who possess or is authorized to exercise final decision making authority in relation to said acts. The term further embraces authority given or approved by such person boss/supervisor (by whatever title); allowing such person to act.

## ADDITIONAL INSTRICTIONS

These discovery request can be answered or directed to any named Federal defendant or appointed representative or agent, which is designated the task of addressing said discovery request. Which has or acquired knowledge of facts forming basis of Plaintiff's complaint.

## ADMISSIONS

1.      Please admit: Defendants LOTURCO AND JOHSNSON, allowed, approved, agreed, authorized; Federal defendants Langley and Finnin to transfer Plaintiff's property to City of Aurora Police department evidence room. On or about and between 1996 - 2002. Property set forth in Defendants Summary Judgment motion.

2.      Please admit: Stephanie Podolak had as her duty, authority to determine which if any of Plaintiff's property (Property listed in F.B.I. business records attached as exhibits to defendants motion for summary judgment) was of use or no longer of use in aid of Co-Defendant Darian Hunters appeals.

3.      Please admit: Stephanie Podolak had no need for the following property in aid of Co-defendant Darian Hunter's appeal: Laptop Computer with disk, Icom Scanner, Anachist handbook, Anarchist Cookbook, Telephone Modification Book, Spy shop Catalog,

## INTERROGATORIES

Please answer following interrogatories in conjunction with instructions and definitions. Fed. R. Civ. P. 33.

1.      What notice & hearing did you provide to Plaintiff regarding disposition of any of Plaintiff's property to the City of Aurora Police Department, on or about and between 1996-2005.

2.      Identify items  of Plaintiff's property which was the subject of synopsis drafted and approved by defendants WONN and WRIGHT. Attached as exhibit C to plaintiff response to Defendants summary judgment motion.

3.      List date, time and item of property, and person who used/employed
Plaintiff's Property (Property listed in F.B.I business records) in aid
of Plaintiff's prosecution and Co-defendant Darian Hunter's appeal.


<u>DOCUMENT REQUEST</u>


1.      Produce all documents concerning or related to the Property seized
from Plaintiff's alleged stash house 128 S. Sable Aurora, Colorado, On or
about November 1996; including but not limited to memos, warrants, property
invoice sheets, police reports, transcripts of suppresion hearings in crim.
case, photos.

2.      Produce all documents that evidence, mention any testing conducted on or
in relation to Plaintiff's property (Property set forth in plaintiff's complaint
or in F.B.I. business records) , on or about and between 1995-2006.

3.      Produce any document or communication: Between the City of Aurora
Police dept (agents), U.S. Attorneys Office for the district of Colorado, Fed-
eral Bureau of Investigation for the District of Colorado, regarding the status
or disposition of any of Plaintiff's property which forms the basis of his
complaint, On or about and between 1996 - Present .


        I hereby certify that on 12-18-06 _____ , I Michael A. Crumpton (Plaintiff)
deposited in the U.S. prison mailbox or hand delivered to prison authorities, with
sufficient postage affixed therto, a true and correct copy of Plaintiff's Amended
discovery request, addressed to:

Amy L. Padden
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

Respectfully Submitted, _____ , Dated: 12-18-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-00653-MSK-PAC (Consolidated with Civil Action No. 05-cv-02343-MSK-PAC
and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL A. CRUMPTON,

      Plaintiff,

v.

SA MARK FINNIN, et al.,

      Defendants.

---

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED REQUESTS
FOR ADMISSION, INTERROGATORIES AND DOCUMENT REQUESTS TO
FEDERAL DEFENDANTS**

---

Defendants Finnin (in his individual capacity) and Wright, Wonn, Langley, LoTurco,

Johnson, and Podolak (in their individual and official capacities) ("Defendants"), by and through

the undersigned Assistant United States Attorney, hereby respond to Plaintiff's Requests for

Admission, Interrogatories and Document Requests to Federal Defendants, as follows:

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Please admit: Defendants Loturco and Johnson, allowed, approved,
agreed, authorized; Federal defendants Langley and Finnin to transfer Plaintiff's Property to City
Aurora Police department evidence room. [*sic*] On or about and between 1996-2002. [*sic*]
Property set forth in Defendants [*sic*] Summary Judgment motion.

**RESPONSE:** Denied.

1

**REQUEST NO. 2:** Please admit: Stephanie Podolak had as her duty, authority to determine which if any of Plaintiff's property (Property listed in F.B.I. business records attached as exhibits to defendants [*sic*] motion for summary judgment) was of use or no longer of use in aid of Co-Defendant Darian Hunters [*sic*] appeals.

**RESPONSE:** Objection. This request is vague and ambiguous because it does not

specify a time frame at issue. Further, this request calls for a legal conclusion as to Defendant

Podolak's "duty." Still further, this request is not reasonably calculated to lead to the discovery of

admissible evidence because Ms. Podolak's "duty" is irrelevant in this *Bivens* action–this is not a

negligence case. Finally, Defendants Finnin (in his individual capacity) and Wright, Wonn,

Langley, LoTurco, and Johnson cannot truthfully admit or deny the matter because this request

relates to Defendant Podolak and matters about which these other Defendants have no personal

knowledge. *See* Fed. R. Civ. P. 36(a). Subject to and without waiver of the foregoing objections,

denied.

**REQUEST NO. 3:** Please admit: Stephanie Podolak had no need for the following property in aid of Co-defendant Darian Hunter's appeal: Laptop Computer with disk, Icom Scanner, Anarchist handbook, Anarchist Cookbook, Telephone Modification Book, Spy shop catalog.

**RESPONSE:** Objection. This request is vague and ambiguous because it does not

specify a time frame at issue. Further, it calls for speculation. Still further, it is not reasonably

calculated to lead to the discovery of admissible evidence because the government's response to

Plaintiff's Fed. R. Crim. P. 41(e) motion was based on the government's position–that the district

court accepted–that if Mr. Hunter's conviction was reversed, the evidence would be needed in his

new <u>trial</u>. Thus, the issue was not whether the evidence was needed "in aid of [his] appeal."

Defendants further object to this request to the extent that it calls for information that is protected

2

by the Attorney-Client and Attorney Work Product privileges.  Finally, Defendants Finnin (in his

individual capacity) and Wright, Wonn, Langley, LoTurco, and Johnson cannot truthfully admit or

deny the matter because this request relates to Defendant Podolak and matters about which these

other Defendants have no personal knowledge.  *See* Fed. R. Civ. P. 36(a).  Based on the foregoing

objections and clarifications, Defendants are unable to either admit or deny this request.

### INTERROGATORIES

**REQUEST NO. 1:**  What notice & hearing did you provide to Plaintiff regarding
disposition of any of Plaintiff's property to the City of Aurora Police Department, on or about and
between 1996-2005.

**RESPONSE:**  Objection.  Defendants object to this request to the extent that it implies

that Plaintiff was entitled to any notice and hearing before his property, which was seized pursuant

to valid search warrants, was transferred to the Aurora Police Department.  Subject to and without

waiver of those objections, Defendants state that the property seized pursuant to search warrants

from Plaintiff's residence, his alleged "stash house," his Ford Bronco, and person upon his arrest

was taken into the direct custody of the Aurora Police Department in October and November

1996.  (Mot. for Summ. J., Ex. A-12 ¶ 2(c)-(f).)  The property identified in Summary Judgment

Motion Exhibit A-17, which was also seized pursuant to search warrants, was transferred from the

F.B.I. to the Aurora Police Department on April 27, May 26, and June 2, 1998.  Plaintiff was not

given notice and hearing prior to those 1998 transfers because he was not entitled to any such

notice or hearing.

**REQUEST NO. 2:** Identify items of Plaintiff's property which was the subject of synopsis
drafted and approved by defendants Wonn and Wright.  Attached as exhibit C to plaintiff [*sic*]

response to Defendants [*sic*] summary judgment motion.

     **RESPONSE:** Objection. There was no Exhibit C attached to Plaintiff's response to

Defendant's Summary Judgment motion. In the spirit of cooperation and assuming that Plaintiff

is referring to a F.B.I. Memorandum dated November 6, 2002, drafted by Wright and approved by

Wonn, Defendants state that the property identified in that memorandum (1B6, 1B26, and 1B27)

neither belonged to nor was seized from Plaintiff.

     **REQUEST NO. 3:** List date, time and item of property, and person who used/employed
Plaintiff's Property (Property listed in F.B.I [*sic*] business records) in aid of Plaintiff's prosecution
and Co-defendant Darian Hunter's appeal.

     **RESPONSE:** Objection. This request is overly broad and unduly burdensome. This

request is not reasonably calculated to lead to the discovery of admissible evidence because the

government's response to Plaintiff's Fed. R. Crim. P. 41(e) motion was based on the

government's position--that the district court accepted--that if Mr. Hunter's conviction was

reversed, the evidence would be needed in a new trial. Thus, the issue was not whether the

evidence was needed "in aid of [his] appeal." Defendants object to this request to the extent that

it calls for information that is protected by the Attorney-Client and Attorney Work Product

privileges. Further, the information sought by this request is equally available to Plaintiff.

Plaintiff was present at his criminal trial and knows what evidence was used against him and

when. This information is also available in the court records for Plaintiff's prosecution (Case No.

96-cr-00419 (D. Colo.)) and Mr. Hunter's prosecution and appeals (Case Nos. 96-cr-00419 (D.

Colo.), 00-1434 (10th Cir.), and 03-1040 (10th Cir.)).

## DOCUMENT REQUESTS

**REQUEST NO. 1:**  Produce all documents concerning or related to the Property seized from Plaintiff's alleged stash house 128 S. Sable Aurora, Colorado, on or about November 1996; including but not limited to memos, warrants, property invoice sheets, police reports, transcripts of suppression hearings in crim. case, photos.

**RESPONSE:**  Objection.  This request is overly broad and unduly burdensome.

Defendants object to this request to the extent that it calls for the production of documents that are

protected by the Attorney-Client and Attorney Work Product privileges.  Defendants further

object to this request to the extent that it seeks documents that may be filed under seal with a

court, such as with respect to a search warrant.  Subject to and without waiver of those objections,

Defendants state that it is searching for and will produce any responsive documents that are not

protected from disclosure by privilege or other applicable laws or that are not under seal.

Defendants further state that the evidence seized from this address was taken directly into the

custody of the Aurora Police Department.

**REQUEST NO. 2:**  Produce all documents that evidence, mention any testing conducted on or in relation to Plaintiff's property (Property set forth in Plaintiff's complaint or in F.B.I. business records), on or about and between 1995-2006.

**RESPONSE:**   Objection.  Defendants object to this request to the extent that it calls for

information that is protected by the Attorney-Client and Attorney Work Product privileges.

Subject to and without waiver of that objection, Defendants state that as of mid-1998, all of

Plaintiff's property was transferred to the Aurora Police Department.  Defendants are not aware of

any testing conducted prior to those transfers.

**REQUEST NO. 3:**  Produce any document or communication: Between the City of Aurora Police dept (agents), U.S. Attorneys [*sic*] Office for the district of Colorado, Federal

5

Bureau of Investigation for the District of Colorado, regarding the status or disposition of any of Plaintiff's property which form the basis of his complaint, On or about and between 1996 - Present.

**RESPONSE**: Objection. Defendants object to this request to the extent that it calls for information that is protected by the Attorney-Client and Attorney Work Product privileges or to the extent that it seeks documents that were filed under seal. Defendants further object to this request on the grounds that neither the City of Aurora Police Department nor the F.B.I. are Defendants in this action. Subject to and without waiver of that objection, Defendants state that as of mid-1998, all of Plaintiff's property was transferred to the Aurora Police Department. In addition to responsive documentation that has either already been produced to Plaintiff or has been attached to Defendants Motion for Summary Judgment and Reply thereto in this case, Defendants are producing herewith a letter dated June 20, 2002.

Dated this 22nd day of January, 2007.

Respectfully submitted,

AS TO OBJECTIONS ONLY

TROY A. EID
United States Attorney

Amy L. Padden
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202

6

## CERTIFICATION OF RESPONSES

I, Barbara Kline, do hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing responses to Plaintiff's discovery requests are true and correct to the best of my information, knowledge and belief.

Dated this 22nd day of January, 2006.

Barbara W. Kline
Paralegal Specialist
FBI
(on behalf of Defendants Finnin
(individual capacity only), Johnson,
Langley, LoTurco, Wonn and Wright)

7

## CERTIFICATION OF RESPONSES

  I, Stephanie Podolak, do hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing responses to Plaintiff's discovery requests are true and correct to the best of my information, knowledge and belief.

Dated this 22nd day of January, 2007.

                   Stephanie Podolak
                   Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2007, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED REQUEST FOR ADMISSION, INTERROGATORIES AND DOCUMENT REQUEST TO FEDERAL DEFENDANTS** was sent via U.S. mail to:


Michael Andre Crumpton
#27217-013
Federal Correctional Institution
P.O. Box 26010
Beaumont, TX 77720-6010

and

Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center
15151 East Alameda Parkway
Aurora, CO 80012


                                      **s/ _Alexandra Medina_**
                                      Alexandra Medina
                                      United States Attorney's Office



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1823 Byron G. Rogers
Federal Office Building
Denver, Colorado  80294
(303) 629-7171
June 20, 2002

Mr. John W. Suthers
United States Attorney
1225 17th Street, Suite 700
Denver, CO  80202

Attention: Ms. Stephanie Podolak
            Assistant U.S. Attorney

                              RE:  Destruction of Drug
                                   Evidence

Dear Mr. Suthers:

        The purpose of this letter is to confirm contact with
Assistant U.S. Attorney (AUSA) Stephanie Podolak, on June 11,
2002, by Supervisory Special Agent Clyde Langley, FBIHQ, at which
time AUSA Podolak advised that all drug evidence can be destroyed
in case captioned: MICHAEL ANDRE CRUMPTON, ET AL

        Thank you for your assistance in this matter.

                              Sincerely yours,

                              MARK J. MERSHON
                              Special Agent in Charge



                              By:  KURT A. REMUS
                              Acting Supervisory Special Agent

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

96  OCT -3  P 3 55

Miscellaneous Action No. 96-1911M

JAMES R.

IN THE MATTER OF THE SEARCH OF:                                    BY
128 S. SABLE BOULEVARD, APARTMENT D-206
AURORA, COLORADO

---

ORDER SEALING SEARCH AND SEIZURE WARRANT AND
APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANT
AND MOTION TO SEAL

---

Upon motion of the United States and for good cause shown,

IT IS HEREBY ORDERED, that the Search and Seizure Warrant

and Application and Affidavit for Search and Seizure Warrant in

the above-named matter, as well as the Motion to Seal filed by

the Government herein, are sealed against everyone except

attorneys and employees of the Office of the U.S. Attorney,

District of Colorado, and agents of the Federal Bureau of

Investigation until further order of the Court.

DATED this __5__ day of __October__, 1996.

BY THE COURT:

JOHN L. KANE, JR., JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

'96  OCT -3  P3 55

Miscellaneous Action No. 96-1911M

IN THE MATTER OF THE SEARCH OF:
128 S. SABLE BOULEVARD, APARTMENT D-206
AURORA, COLORADO

---

MOTION TO SEAL SEARCH AND SEIZURE WARRANT AND
APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANT

---

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully moves the Court for an Order sealing the Search and Seizure Warrant and Application and Affidavit for Search and Seizure Warrant in the above-named matter, as well as this Motion, and as grounds therefore submits the following:

1.    Said search and seizure warrant, application and affidavit for search and seizure warrant and this motion have been filed as a part of a large continuing investigation.

2.    The release of the information in the application and affidavit in this matter would substantially jeopardize the ongoing investigation.

WHEREFORE, it is respectfully requested that the Search and Seizure Warrant, Application and Affidavit for Search and Seizure Warrant and Order in this matter, as well as this Motion, be sealed against everyone except attorneys and employees of the Office of the U.S. Attorney, District of Colorado, and agents of the Federal Bureau of Investigation until further order of the Court.

Respectfully submitted,

HENRY L. SOLANO
United States Attorney

By:  STEPHANIE PODOLAK
Assistant U.S. Attorney

10/29/96

The following investigation was conducted in relation to a Federal Search Warrant at 128 South Sable, Apartment D206, Aurora, Colorado:

At approximately 5:00 p.m. entry was made by the Metro Gang Task Force (MGTF) officers and Agents into 128 South Sable, Number D206, Aurora, Colorado, via a key to the apartment obtained from management. No one was observed at the apartment upon entry. Information was located which identified the work telephone number for Janet Madsen, and she was notified of the search warrant. Madsen advised she would come home from work to assist officers in the execution of the search warrant.

Upon arrival at 128 South Sable, Number D206, Aurora, Colorado, Madsen was advised of the search warrant and advised that it was related to drug dealing activity at the apartment. Madsen immediately replied that the only individual she knew who might possibly be involved in drug distribution was L.D.(known to be an alias for Michael Crumpton). Madsen stated that L.D. maintained a number of different bags and items at her apartment and gave her $100 each month to help her to pay rent. Madsen also advised that Crumpton came to her apartment only periodically; however, Crumpton does have a key to the apartment and Madsen works during the majority of the day. Therefore, she does not know how often he comes by during the day.

Madsen then identified a large black bag located in the back left corner of the closet, a black duffle bag with "Dunlop" imprinted on the side located in the right front corner of the closet, a trunk located at the foot of the bed and boxes of baking soda found in the refrigerator.

A search of the entire premises was made. The following items were seized in conjunction with the search:

10/8/96          Aurora, Colorado

245D-DN-51567

10/11/96

SA CLYDE ALAN LANGLEY/tls

245D-DN-51567

SEARCH WARRANT                              10/3/96                    2

| ITEM | PERSON SEIZING ITEM | WHERE ITEM WAS FOUND |
|---|---|---|
| Large black bag containing 9MM Glock Model 19, Serial Number AUH434 including two magazines and one extended magazine. The gun was in a holster and was loaded. The holster was in a plastic bag. Also contained in the black bag was various clothing, shoes, and other items. | SA Clyde Langley | Left back side of the closet. |
| A trunk which contained a triple beam scale, rapid weight gain formula, pictures, plastic baggies and other miscellaneous items. | SA Langley | In the bedroom at the base of the bed. |

245D-DN-51567

SEARCH WARRANT                                10/8/96                    3

| Dunlop black duffle bag, containing an electronic scale, Ziplock baggies and miscellaneous other items | SA Langley | Right side of the front of the closet |
|---|---|---|
| Five open boxes of baking soda | SA Langley | Inside the door of the refrigerator |

Madsen advised that all the items seized belonged to L.D. Madsen identified this on the Form FD-597 by putting an L.D. next to the items which belonged to him.

At 6:30 p.m., the search was completed and a copy of the search warrant, along with the items seized was left with Janet Madsen at 128 South Sable, Number D206, Aurora, Colorado.

The items seized were submitted to Aurora Police Department (ADP) evidence by APD Officer Mark Finnin.

1/9/97

Janet Madsen was advised that Special Agent (SA) Clyde
Allen Langley was contacting her to determine if she had found
any additional items belonging to "L.D." (known to be Michael
Andre Crumpton) subsequent to the federal search warrant being
executed at her apartment at 128 South Sable, Apartment J206.
Madsen then provided the following information:

During the execution of the search warrant at Madsen's
apartment, Madsen had identified various items which were stored
in her apartment by L.D.  Madsen was asked whether she had
located additional items which belonged to L.D. when she was
moving out of the apartment.  Madsen stated that she had found a
very large glass mixing bowl which also contained measurements on
it and various furniture items which she stated all belonged to
L.D.  Madsen estimated the mixing bowl to be approximately one
gallon in volume.

Madsen also advised that she normally contacted L.D. at
pager number (303) 599-5664.  When Madsen moved out of the
apartment, she placed L.D.'s furniture along with the glass
mixing bowl on the porch to the apartment.  Madsen then called
pager (303) 599-5664 and left a message for L.D. that his
furniture and mixing bowl were on her porch.  Madsen went by the
apartment a day later and noted that all the items had been
removed.

10/22/96        Denver, Colorado              (telephonically)

245D-DN-51567                                 10/26/96

SA CLYDE ALLEN LANGLEY/km

TO: Troy A. Eid
    Amy L. Padden
    Federal Defendants et al.,                          2-5-07
    1225 Seventeenth Street, Suite 700
    Denver, CO 80202


FROM: MICHAEL A. CRUMPTON
      Plaintiff.


        RE: Civil Action 05-cv-00653-MSK-PAC(Consolidated with Civil Action No.
05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC); Attempt to Confer
regarding discovery responses and objections.


        Dear Mr Eid, Mrs. Padden and Federal defendants ( Hereinafter Federal

defendants) I, Michael Crumpton (Plaintiff) received your responses to discovery

request on 1-26-07. I have several issues and reservations in regards to said

responses of which I seek to resolve with you prior to resorting to involvement

of the court. Fed. R. Civ.P 26(c), 37(a)(2)(A), (B).


                    GENERAL REQUEST AND CONCERNS


        Plaintiff apologizes for his inability to more lucidly and effectively

to communicate any request . I hope further detail will aid you in resolving

these matters.

        Plaintiff at this time also proposes and inquires as to whether any

defendants would have objection to deposition by written question directed to

them in relation to subject matter of this action, which likely expedite process

and reduce the number of documents and request necessary to further litigation.

Fed R. Civ. P. 26(b)(2), 33(a).

        Plaintiff objects to the responses as they fail to identify each person

who is answering or responding to request and/or providing information in relation

to request. Please see instruction # 2, discovery request.

        As to document request # 1 : " Defendants state that it is searching and

will produce any responsive documents"... Plaintiff request that you provide a

date or time as to when you believe you will be able to complete said search in

this regard; what efforts are being undertaken, and what category of documents

are likely to be provided.

        As to grounds for objection that information under seal, plaintiff request

                                    Pg.1

description of document or information indicating sealing order (if not already
supplied) and content of any record sealed to the appropriate degree.

Plaintiff contends and objects to blanket responses regarding objections
invoking privileges on grounds defendants (representative) has not moved for
protective order or extension thereto within the time period to respond to discovery
request or prior to expiration.

Plaintiff contends defendants witholding of any business records, which
are the majority of dicovery, are in error as such records generally are not
privileged.

## SPECIFIC CONTENTION/OBJECTION

1.      Please specify the person(s) who responded to and denied admission
No. 1. Plaintiff further request that you specify whether your denial was
predicated upon the the whole admission or specific language therein.

2.      Admission No.2: Plaintiff contends that objection is unwarranted on
grounds set forth and is inherently obstructive and/or non responsive.
Plaintiff's request seeks admission generally as opinion or factual conclusion
regarding defendants (Podolak's) duty ie... job as AUSA of Plaintiff's criminal
case and person who drafted and signed of on Fed.R.Crim.P 41(g) motion 2001,
set forth within def. summary judgment motion. And as a factual matter whether
defendant Podolak in her position as AUSA had the role, job, duty,authority,
resposibility, to determine if any of Plaintiff's property (Property plaintiff
alleges to have interest in) would be of further use or aid in said prosecution.

The relevant time frames are set forth within Plaintiff complaint ie
November 1996 till on or about 2003, or the close of Co-defendant Hunters appeals.

Further this admission is directed to Stephanie Podolak (or persons
known to you with relevant info.) , as information is likely known to Podolak.

It is not grounds for objection that information sought will be inad-
missible at trial; if the information appears reasonably calculated to lead to
discovery of admissible evidence. As relevance is construed broadly to encompass
any matter which bears any issue that may be in the case. Oppenheimer Fund Inc.
v. Sanders 437 U.S. 340 (1978).

Thus in light of the numerous defenses and denials cited within defendants
answers the information sought is material and relevant to those issues and
issues os substanive law Infra.

3.      Admission No. 3: Plaintiff contends objection is unwarranted; admission
is within scope of FED.R.Civ.P. 26(b)(1) and grounds set forth supra. Relevant

to extent and degree that Podilak's "personal involvement" is in dispute. The
request as a factual matter within Podolak's knowledge the listed items of
plaintiff's alleged property ( specific property set forth in admission) where
as a matter of factual conclusion or opinion were of use (to Podolak) in aid
of Co-defendants Hunter's appeal . Thus the relevant time frame are 1996, 2001, 2003.

And is relevant as an issue of substantive law eg... Coleman v. Turpen
697 F.2d 1341. See also Plaintiff's argument in response to defendants motion for
summary judgment; Issues and dispute is when the need for each item of property
ended.

Plaintiff objects to response as it invokes privilege in boilerplate
fashion, failing to specify basis in sufficient detail to enable court and
plaintiff to decide such claim is proper or challengeable.

4.     Interrogatory request No.2 : Plaintiff objects to the response, and contends
response is evasive. Plaintiff requested that the items of property (items of
which plaintiff may have property interest in) be identified. Defendants unilateral
determination that the items at issue where not seized from plaintiff or where
not plaintiff's property are insufficient. Further the issue of personal involvement
has been raised and numerous defenses for which identity of property is relevant.

Thus plaintiff request that items be sufficiently detailed so that
plaintiff conclude the same.

5.     Interrogatory request No. 3: Plaintiff objects to responses on grounds
set forth herein and on grounds that defendants set forth a number of boilerplate
responses, which ignore instruction # 8. Response fails to provide privilege log
regarding nature and description, contents of items. Fed. R. Civ. P 26

Plaintiff further contends request is within scope of discovery as
issue that would lead to evidence or information, in regard to defenses asserted
by defendants ie... denials and lack of knowledge or information. Further the
issues also encompass wheter AUSA Podolak had need of property in aid of Hunter's
"New trial" or whether those items any could be returned to plaintiff and when.

Further Plaintiff could not know which of plaintiff's property was
employed within Hunter's appeal as he was not party. Thus this information is
soley within the the knowledge of AUSA Podolak or other AUSA.

6. Document request No. 1: Plaintiff objects and contends that response is non
responsive, Boilerplate. Fails to o include information sufficient to allow
court or plaintiff to evaluate applicability of claim privilege or protection,
for each item or group of items witheld.

Please specify when : " ...search for ...any responsive document that
are not protected by disclosure by privilege... Is likely to be undertaken or
completed.

7. Document request No.2:  Plaintiff incorporates by reference the above contentions set forth in regard to privileges. Plaintiff further object on the grounds that the response given fails to set forth what documents or inquiry led to the person(s) answering whether any testing was done in relation to plaintiff's property. As such please provide said information, as requested within instruction section of discovery.

8.      Document request No. 3 : Plaintiff incorporates by reference the above stated objections and grounds for contention to Federal defendants resposes to doc. request No.3

Plaintiff further contends document request seeks information,facts, admissible evidence calculated to discover who had knowledge and authority to allow or order the transfer of Plaintiff's property to the City of Aurora. And all time frames relevant are set forth with plaintiff's complaint and F.B.I. business records eg... 1996-2003.

Further this request calls for any conversation between the respective defendant(s) and agents to be reduced to writing if not set forth within govern- mental memo etc... Although the Aurora Police Department, F.B.I, U.S. Attorneys office are not defendants ( themselves). Defendants are alleged to have been acting pursuant to there authority within there respective agencies, and are also being charged in there official capacity.

Plaintiff cannot reasonably expect to received sealed information, but description or unseal portion should be provided.


Plaintiff hereby request that you please notify plaintiff of your response to these matters within 15 days of receipt. As plaintiff intends to file motion to compel if agreement not reached by 2-20-07.

Respectfully submitted!         _Michael Crumpton_      2-5-07
MICHAEL A. CRUMPTON- 27217-013
Federal Correctional institution
P.O. Box 26010
Beaumont, texas 77720-6010

_Michael Crumpton_      ,2-5-07      Placed in prison mailbox for delivery, correct postage affixed thereto for delivery to:  A.U.S.A Amy L. Padden and Troy A. Eid.

Mar-02-2007  09:47am  From-US ATTORNEY'S OFFICE                3034640406      T-185  P.002/004  F-066



**U.S. Department of Justice**

**Troy A. Eid**
*United States Attorney*
*District of Colorado*

---

*Amy L. Padden*
*Assistant United States Attorney, Civil Division*

*1225 Seventeenth Street, Suite 700*
*Seventeenth Street Plaza*
*Denver, Colorado 80202*

*(303) 454-0100*
*(FAX) (303) 454-0408*

March 2, 2007

*Via Hand Delivery*
Michael Andre Crumpton
#27217-013
Federal Correctional Institution
P.O. Box 26010
Beaumont, TX 77720-6010

     Re:   *Crumpton v. Finnin*, et al., Civil Action Nos. 05-CV-02343 and -0255

Dear Mr. Crumpton:

    This letter is a response to your letter dated February 5, 2007, regarding Defendants' responses to your discovery. As I stated in my letter dated February 20, 2007, I was unable to respond sooner because I was traveling for business for two weeks during February and also needed additional time to respond to the number of issues you raised.

**Response to "General Request and Concerns"**

    First, you ask whether Defendants would object to a deposition by written questions. Defendants are opposed to this. Discovery in this case closed on October 2, 2006, and therefore Defendants will oppose any request by you to conduct additional discovery. Further, the Court limited your discovery to three sets of requests for production, requests for admission, and interrogatories, which you have already exhausted. The Court did not order that either side could take any depositions.

    Second, you complain that the individuals responding to your discovery were not identified. To the contrary, I signed the responses with respect to the legal objections and signed verifications by Ms. Podolak and Ms. Kline were provided to you.

    Third, you ask about the status of our search for documents that are responsive to Request for Production No. 1. Subject to the objections we set forth, we have already produced to you the documents we have located to date. In the event that we discover any additional documents, we will produce those promptly.

Fourth, you request additional information regarding documents that are under seal with the Court. We have already provided you with the motions and orders sealing those documents and cannot produce the sealed documents themselves. Thus, we have nothing further to provide to you.

Fifth, you claim that our objections based are privilege are not valid because we did not move for a protective order. There is no requirement that a party move for a protective order prior to making an objection to a discovery request based on privilege. In fact, permissible discovery is limited to matters that are "not privileged." Fed. R. Civ. P. 26(b)(1). Further, Rules 33(b) and 34(b) specifically allow a party to make objections to discovery requests.

Sixth, you claim that we are withholding "business records." We do not understand your complaint here, and thus cannot respond to it.

**Response to "Specific Contention/Objection"**

First, with respect to Request for Admission No. 1, you ask us to "specify the person(s) who responded to and denied admission No. 1. Plaintiff further request [sic] that you specify whether your denial was predicated upon the whole admission or specific language therein." In responding to an Request for Admission, a party is required to either admit or deny the request (in whole or in part), subject to any objections the party may make. Fed. R. Civ. P. 36. The responding party is not required to explain its answer or the reason it is denying a request--such information can be obtained through interrogatories. However, you did not serve any interrogatories requesting that information and the time for discovery has passed and you also have used all of your interrogatories that were allowed by the Court.

Second, you take issue with the objections we made with respect to Request for Admission No. 2. After making these objections (but without waiver of them), we denied the request, so you have already received our response.

Third, you challenge our objections to Request for Admission No. 3. We have considered your arguments, do not believe that they have merit, and stand by our original response and objections to this request.

Fourth, you complain about our response to Interrogatory No. 2. That interrogatory stated: "Identify items of Plaintiff's property which was the subject of synopsis drafted and approved by defendants Wonn and Wright. Attached as exhibit C to plaintiff [sic] response to Defendants [sic] summary judgment motion" (emphasis added). There were no items of your property listed in the F.B.I. Memorandum dated November 6, 2002, drafted by Wright and approved by Wonn. Thus, there is nothing for Defendants to identify in response. Your request that we detail the items covered by the memorandum was not included in your original

2

interrogatory and cannot be made now because the deadline has passed and you have exhausted your limit of interrogatories.

Fifth, you take issue with our objections and response to Interrogatory No. 3. We have considered your arguments and stand by our original objections and response.

Sixth, you ask again about the status of our search for documents that are responsive to Request for Production No. 1. Subject to the objections we set forth, we have already produced to you the documents we have located to date. In the event that we discover any additional documents, we will produce those promptly.

Seventh, you take issue with our response to Request for Production No. 2. This request stated: "Produce all documents that evidence, mention any testing conducted on or in relation to Plaintiff's property (Property set forth in Plaintiff's complaint or in F.B.I. business records), on or about and between 1995-2006." This request assumes that testing was performed. As stated in the response, Defendants are not aware of any testing and thus have no documents to produce in response. To the extent that your letter seeks additional information, that was not included in your initial request and is now barred.

Eighth, you object to our response to Request for Production No. 3. You ask that any "conversations . . . be reduced to writing." There is no obligation for a party to create new documents in order to respond to a Request for Production. Rather, the rules require a party to produce documents in his or her possession, custody, or control. Fed. R. Civ. P. 34. Subject to our objections, we have produced responsive documents. We are not required to, and will not, create any new documents to respond to this request.

Thank you for your attention to this matter.

Sincerely,

Amy L. Padden
Assistant U.S. Attorney

3

(10-01-1999)                                                                    310 KMW01, Ec

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                    **Date:** 11/06/2002

**To:** Denver                          **Attn:** Evidence Control Room

**From:** Denver
       Squad 10
       **Contact:** SA Ricky V. Wright, (303)628-3153                    (X)

**Approved By:** Wonn Michael W

**Drafted By:** Wright Ricky V *RVW*

**Case ID #:** 245D-DN-51567   (Pending)

**Title:** MICHAEL ANDRE CRUMPTON;
      ET AL;
      OCDETF - GANGS

**Synopsis:** To request disposition of remaining evidence in captioned matter.

**Details:** On 06/11/2002, Assistant U. S. Attorney(AUSA) Stephanie Podolak confirmed that all evidence in captioned matter can be returned or destroyed. All drug evidence has already been requested for drug destruction. Most other evidence has been returned. The last remaining items should be disposed of in the following manner:

      1B6, Barcode E1178232, Item 7 and Item 9, should be placed in a 1A envelope;

      1B26, Barcode E01750301, Item 1 and Item 2, should be destroyed;

      1B27, Barcode E01750302, Item 1, should be destroyed.

♦♦

EXHIBIT-C