IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Honorable  Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC (Consolidated With Civil Action No.05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL A. CRUMPTON,

    Plaintiff,

V.

SA MARK FINNIN, Officially and Individually, et al.,

    Defendants.

---

PLAINTIFF'S MOTION TO COMPEL CITY OF AURORA (AND MARK FINNIN (IN

HIS OFFICIAL CAPACITY) TO RESPOND ADEQUATELY, TO PLAINTIFF'S

ADMISSIONS, INTERROGATORIES AND DOCUMENT REQUEST

---

## INTRODUCTION

Comes now Michael A. Crumpton prose (Plaintiff). Plaintiff by this action asks the court to compel City of Aurora and Mark Finnin (Official capacity) (Hereinafter City Defendant(s)), to file adequate responses to Plaintiff's discovery request.

1. Plaintiff is Michael A. Crumpton; Defendant is City of Aurora. And other defendants which are not subject of this pleading ie... Federal Defendants.

2. Plaintiff sued defendants for deprivation of property without due process of law. And unlawful search and seizure of property.

3. On December 18, 2006 Plaintiff served Interrogatories, Admissions, and Document request on the City defendants and/or representative. On January 25, 2007 City defendants served responses to plaintiff's discovery request, which are at issue herein .

City defendants responses also served objections to plaintiff's discovery request: Interrogatories No. 2 ; Document request No. 1, 2.

Because City defendant's objections are unfounded, the court should compel City defendant's to adequately respond to the discovery request.

4. Plaintiff attempted to confer with City defendant in a good-faith effort to resolve the dispute without court action, as required by Federal rule of Civil Procedure 37 (a)(2)(B) and as shown in the attached certificate of conference, at the time of this filing the city defendant has not responded to this attempt, whereby plaintiff construes non responses as denial/refusal. And thus Plaintiff was unable to resolve dispute.

### B. ARGUMENT

5. The court may compel responses to discovery if a party files objections in response to discovery request. Or party makes evasive and incomplete disclosures, 37 (a)(2)(B).

6. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b).

7. The court should grant Plaintiff's motion to compel, and hearing if necessary for the following reasons:

a. City Defendant raised invalid and improper objections to plaintiff's interrogatory request No. 2 : List and detail any occasion, time that you have ever participated in joint investigation with the Federal Bureau of Investigation for the district of Colorado or any other Federal agency. Whereby you acquired, seized searched property; without state warrant and did not notify person who was subject of Federal investigation that you had thereby came to posses, search or seize the property of person who where the subject or charged/convicted of Federal crimes. From on or about 1995-2006 (excluding from list instant case and further redacting or expunging any personal or sensitive information of any ongoing investigations)

1.  city defendant failed to respond and objected to this discovery request citing; relevance, not calculated to lead to discovery of admissible evidence, standing, estoppel (as interpreted by plaintiff). Please see City Defendants responses attached.

2. Plaintiff contends defendant's objections are invalid and unfounded. Plaintiff's request is clearly within the scope of discovery permitted, and relevant to plaintif's claims of search/seizure, custom, policy, conspriacy. Inadmissibility is not a ground for objection to discovery. Oppenheimer Fund, Inc. v. Sanders 437 U.S. 340 (1978). The defendants claims of estoppel are not applicable in regard to plaintiff's search and seizure claims. As Plaintiff has made clear he does not challenge the correctness of the Federal defendants warrant based search and seizure (initial). But he search and seizure conducted as alleged within complaint by the City Defendant. Defendants claims of standing are unfounded and inapplicable in this proceeding as defendants have not asserted this ground within there responsive pleadings.

The information responsive to this request is necessary to litigation to narrow issues of both defenses and claims, and further  calculated to adduce evidence and/or facts of similar conduct. Further plaintiff carefully to the best of his ability tailored this request to obtain information particular to the subject matter of the complaint.

b. City defendant objected or failed to repond fully to Plaintiff's request for document request No. 2: Please produce: any document, regarding communications between you U.S. Attorney's Office, Federal Bureau of Investigation for the district of Colorado in relation to the transfer, disposition of any of Plaintiff's property which forms the subject matter of Plaintiff's complaint. On or between 1996-2006.

1. City defendant cited as grounds for objection to discovery request; Overly broad and unduley burdensome, Attorney client privileges, Work product privilege, sealed documents. Please see attached responses.

2. Plaintiff contends City defendant's objections are unfounded, improper and invalid. Defendants cite Boilerplate claims of privilege, absent any explicit reasoning. To allow court or plaintiff to evaluate the applicability of the claimed privilege ( privilege log). Response fails to partially comply.

Plaintiff has made clear within his attempt to confer correspondence (incorporated by reference herein), Plaintiff does not seek any portion of sealed document.

The information responsive to this request is necessary to this litigation. As issues of knowledge, involvement and likely defenses abound within this case. Information is necessary to narrow issues and claims. Also this information is likely to lead to admissible evidence in regards to these issues. Information or  alegations that City defendants engaged in or considered a separate and distint investigation of which the property of Plaintiff's may have been procured.

Wherefore Plaintiff request the court to compel adequate responce.

c. City defendant objected to and/or failed to adequately respond to plaintiff's document request No.3 : Please produce: any and all copies of documents whereby plaintiff was mentioned or subject of investigation in relation to charges or conviction of which Plaintiff was convicted: 96-Cr-419-D and 98-Cr-260-D. ie... any investigation undertaken by you, whereby documents evidence such eg... affidavits, search warrants, transcripts, grandjury hearing etc..

1. City defendant cited as grounds for objection:  Overly broad and unduely burdensome, not calculated to lead to discovery of admissible evidence, plaintiff seeks to attack criminal prosecution.

2. plaintiff contends objection(s) are unwarranted and invalid. Defendants cite blanket or boilerplate objections, as to grounds of burdensomeness. Inadmissibility is not a proper groun for objection.

The information responsive to this request is necessary to this litgation. To dispose of defenses and claims asserted by other defendants and

narrow issues for trial. Defendants claims that "Plaintiff seeks to attack his

criminal conviction are unfounded and speculative. It is inevitable that common

documents and information related to his conviction will become relevant, to

the issues of this litigation. Plaintiff's claims focus only upon the information

relevant to the property at issue and legal principles thereby. Plaintiff claims

of search/seizure (probable cause) and Due process. Dictate the scope of what is

relevant as set forth within Fed. R. Civ.P. 26 .


8.Plaintiff further reserves the right to challenge and compel any

responses not overtley set forth herein in the event a quetion of the sufficiency

of siad responses are revealed to be unclear, inadequate to render them non

responsive or inadmissible in latter proceedings.

Plaintiff asks the court to award sanctions against City defendant for

its refusal to comply with discovery request. Federal Rule Civ. P. 37 (a)(4)(A).

Plaintiff asks the court to award least severe sanction calculated to remedy

the wrong including but not limited to default judgment, additional discovery

request to plaintiff.

9. Because Plaintiff's request are proper and because City defendant

refused to comply with rules, the court should compel City defendant to respond

adequately and should award plaintiff sanctions associated with obtaining compl-

iance with the rules.

CERTIFICATE OF SERVICE / DECLARATION

I hereby certify under the penalty of perjury that the foregoing
is true and correct., _Michael Crump_ _3-27-07_ 28 U.S.C.
§ 1746


MICHAEL A. CRUMPTON # 27217-013
Federal Correctional Institution
P.O. Box. 26010
Beaumont, Texas 77720-6010



I hereby certify that a copy of said document; City- Compel
_____ was placed in prison mailbox or delivered to prison
authority, postage prepaid to be delivered to below named paties.,on
or before this day _Michael Crump_        _3-27-07_


Office of the Clerk                          Amy L. Padden
U.S. District Court                          Assistant U.S. Attorney
901-19th ST., Room A-105                       1225 Seventeenth Street, Suite 700
Denver, Colorado 80294-3589                  Denver, Colorado 80202


Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Honorable Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC (Consolidated With Civil Action No. 05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL A. CRUMPTON,

    Plaintiff,

V.

SA MARK FINNIN, Officially and Individually, et al.,

    Defendants

---

PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS, INTERROGATORIES AND DOCUMENT REQUEST TO CITY OF AURORA AND MARK FINNIN (Official capacity)

---

    Comes now Michael A. Crumpton pro se (Plaintiff). And hereby submits the following discovery request to defendants City of Aurora and Mark Finnin (Officially) as set forth in December 5, 2006 Order of Patricia A Coan, United States Magistrate judge. and pursuant to Fed.R.Civ.P 26,33,34 and 35.

### NOTICE OF DUTY TO SUPPLEMENT RESPONSES

    Pursuant to Rule 26(e) Of the Federal Rules of Civil Procedure, a party is under a duty to supplement or correct discovery responses to include information thereafter acquired if ordered by the Court or when the party learns that his prior responses to discovery request is in some material respect incomplete or incorrect and if the additional or corrective information has otherwise been made known to other parties during discovery process or in writing.

Pg.1

## INSTRUCTIONS

1.  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

2.  The answers are to signed by the person making them, and the objections signed by the attorney making them. All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

3.  In responding to these discovery request, please restate each discovery request before corresponding response.

4.  These discovery request seek responses as of the date received, unless otherwise noted, and are also continuing. Any additional information relating in any way to these discovery request acquires by or becoming known to Defendant prior to and during the trial, shall be furnished promptly to Plaintiff consistent with Fed.R. Civ. P. 33 and 34.

5.  With respect to each document responsive to discovery request that has been lost or destroyed since it's preparation or receipt, please identify the document, and state the discovery request to which it would otherwise be responsive. Different versions of the same document, drafts of document or documents with handwritten notations or other remarks not found on the original are different documents and shall be separately produced. Translate any code used, into useable form (layperson).

6.  If your response to any discovery request is that you lack knowledge of the requested information, please describe all efforts made by you to obtain the information necessary to answer the discovery request.

7. If your response to any discovery request is that you cannot respond fully, please, respond to the fullest extent possible, specifying the reasons for your inability to respond fully, and state the date by which you will make a complete response.

Pg.2

8.  If you state that any answer or document request by this action is not discoverable pursuant to any privilege (including but not limited to),attorney-client, work product doctrine,common law doctrine, Privacy act 5 U.S.C § 552a,,Freedom of Information act, or any other ground, Defendant(s) must specifically state each basis and grounds in sufficient detail to enable the court to decide whether such claim of privilege is proper. Also same as to any claim of "Unreasonable investigation", undue burden,Scope, lack of possession or control,vagueness or ambiguity.

## DEFINITIONS

1.  The term "you", "your" when used in these interrogatories,admissions,document production, shall embrace and include,in addition to named Defendant, counsel for said Defendant, all agents, servants, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for or on behalf of the named Defendant.

2.  The term "document" shall mean any hand written, typwritten,printed,recorded or graphic material in any form, including originals,copies and drafts, including without limitation "including but not limited to" correspondence, minutes of meetings, written memoranda or communications. Transcripts or testimoney, studies, reports, notes, notebooks, telephone message slips, diaries, computer diskettes or printouts, contracts, work papers, microfilm, or microfiche, together with all other items which are subject to request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3.  Terms "identify" or "identity", when set forth herein and referred to : A natural person, requires you to state his/her full name, present or last known business address and telephone number, and position, business affiliation of the person at the time of his actions in connection with matters alleged in this action. Same as set forth above for Corporation, business, document.

4.  Term " Communication" requires you state or identify : The document(s) which

refer to or evidence the communication, and to the extent the communication is non

written, to identify the persons participating in the communication and to state

the date, place, manner, and substance of the communication.

5. Term "act" "conduct" requires you to list each participants act or omission

that details the persons conduct which gave rise to the acts alleged or attempted

to be alleged in this instant action, and what each participant did in relation.

6. The terms "and" and "or" should be read interchangeably to give each discovery

request its broadest possible scope, as should the singular and plural of any term

used in these discovery request.

7. As used herein the term "or" includes both the conjunctive and disjunctive

uses of the word.

8. The term " on or about" when used herein is set forth to state approximate non-

exact time frame when certain events set forth  transpired. Term "Property"

refers to any property reasonbly related to or set forth in Plaintiff's second

amend complaint. Or property reasonably known to you via investigation

9. The term "Agent" or "employee" when used herein refers to any named or unnamed

Police officer, agent, Federal official, or State official, having involvolment

or knowledge of conduct set forth in Plaintiff's second amended complaint.

10. The term "relating to" or "related to" mean embodying, pertaining to, concerning

, constituting, comprising, reflecting, discussing, referring or having any logical

or factual connection whatever to the subject matter specified.

11. The term "Transfer or seizure" when used herein refers to the: Physical act

of moving property from place to place or person to person, and agency. And the

dominion, control, or possession and authority of any person doing said acts.

12. The term "evidential value" refers to any value or use of any of plaintiff's

property, constituting legal evidence to defendant. And listing what value, use,

reason, time, place, testing, exhibition, employment, in aid of any prosecution,

investigation (including but not limited to).

13.    The term "disposition" refers to any act of transferring, disposing, seizure,destroying, selling,loaning,giving to third party., Any of Plaintiff's property.

14.    The term "Notice" when referred to in relation to Plaintiff's property is to mean the affirmative act of giving plaintiff notice calculated under the circumstances to inform him of any action regarding the disposition of his property.

15.    The term "person" refers to natural person,corporation, local government. And to be given it's normal meaning where not otherwise specified.

16.    The term "search/seizure when referred to herein, should be read both in the conjunctive and disjunctive. And interchangeably when proper. And is to be constr-ued within it's legal definition.

17.    The term "Property " further refers also includes but not limited to, any tangible or intangible item attributed to plaintiff or in reference to any identifier used by you refer to plaintiff by name or number via any investigation to which you are privey. Also any physical item eg... notes, automobiles, watches, clotes, scanners, firearms, books, clothing, electronic equipment. etc...

18. The term "Authority or Authorized" when used herein shall mean; any such person employee, agent who possess or is authorized to exercise final decision making authority in relation to said acts. Term further embraces authority given or approved of by such persons boss/supervisor (by whatever title), allowing such person to exercise discretion without approval. In re. to any act which forms basis of plaintiff's complaint.

## ADDITIONAL INSTRUCTION

These discovery request; can and may be directed to answered by Mark Finnin , Laurie Michaelson or any agent, attorney appointed or designated by defendant to respond to said request.Relating to subject matter which forms basis of complaint.

INTERROGATORIES

Plaintiff request that City of Aurora, Aurora Police Officer Mark Finnin, or any person the Defendant has appointed or designated , answer the following interrogatories, in conjunction with instructions and definitions setforth herein. And in compliance with Fed. R. Civ. P.

1.    Identify every witness, person, agent, employee Federal or State who had knowledge or information in relation to City of Aurora Police Officer Mark Finnin's acquisition, seizure, disposition, seizure of any of Plaintiff's property which forms the basis of Plaintiff's complaint. 1996-2006.

2.    list and detail any occasion, time that you have ever participated in joint investigation with the Federal Bureau of Investigation for the district of Colorado or Any other Federal agency. Whereby you acquired, seized, searched property; without State warrant, and did not notify person who was subject of Federal investigation that you had thereby came to possess, search or seize the property of persons who where the subject or charged/convicted of Federal crimes. From on or about 1995- 2006, (excluding from list instant case and further redacting or expunging any personal or sensitive information of any ongoing investigations).

3.    List and detail the ultimate disposition of any of Plaintiff's property obtained by you in relation to Subject matter which forms the basis of Plaintiff's complaint.

## ADMISSIONS

Pursuant to Rule 36, FED. R. Civ. P., Plaintiff request the City
Defendants make the following admissions, within 30 days after service of
this request.


1.      Please admit: City of Aurora Police Officer had as his authority
granted to him as City of Aurora Police Officer; the authority to seize, possess
and transfer Plaintiff's property (property set forth in F.B.I. business records
attached) to the City of Aurora police Department evidence room; on or about
and between 1996-2001.

2.      Please admit: Property set forth in the attached F.B.I. business
records where obtained and or searched/seized by you. Attachment A.


3.      Please admit: That you have not at any time afforded Plaintiff
notice or hearing prior to receipt or disposition of Plaintiff's property
set forth in attached F.B.I. business records A.

## REQUEST FOR DOCUMENTS

Comes now plaintiff, pursuant to Rule 34 Fed. R. Civ. P. request Defendants produce documents listed herein by providing copies to Plaintiff. Plaintiff further request defendants make these request in conjunction with instructions and definitions set forth herein.

1.      Please Produce: Any and all documents that evidence, mention or refer to plaintiff's property, in whatever form including but not limited to eg... Disposition of property forms, property section invoices and receipts, police reports, chain of custody forms, buisness records, evidence test results.

2.      Please Produce: Any document, regarding communications between you U.S. Attorney's Office, Federal Bureau of Investigation for the district of Colorado in relation to the transfer, disposition of any of Plaintiff's property which forms the subject matter of Plaintiff's complaint. On or between 1996-2006.

3.      Please produce : Any and all copies of documents whereby plaintiff was mentioned or subject of investigation in relation to charges or conviction of which Plaintiff was convicted; 96-Cr-419-D and 98-cr-260-D. ie... Any investigation undertaken by you, whereby documents evidence such eg... affidavits, search warrants, transcripts, grand jury hearing etc...

I hereby certify that on 12-18-06 *Michael Crumpton*, I Michael A. Crumpton
(Plaintiff) hand delivered to appropriate prison authorities, postage prepaid
or placed in prison mail box, with sufficient postage affixed thereto, a true
and correct copy of the foregoing Plaintiff's amended discovery request; Addressed
to:


Peter Ruben Morales

Office Of The City Attorney

Aurora Municipal Center, Suite 5300

15151 East Alameda Parkway

Aurora, Colorado 80012

_____

Respectfully Submitted,    Dated: *Michael Crumpton* , 12-18-06
Michael A. Crumpton- 27217-013
Federal Correctional Institution
P.O. Box 26010
Beaumont, Texas 7772-6010

Pg.9

TO: Peter Ruben Morales                                    2-6-07
    Assistant City Attorney
    Aurora Municipal Center, Suite 5300
    15151 East Alameda Parkway
    Aurora, Colorado 80012

FROM: Michael A. Crumpton

        RE: Consolidated civil action No.05-cv-653-MSK-PAC. Attempt to confer
regarding discovery responses and objections.

        Dear MR. Morales and City defendants (Hereinafter City defendants),
I, Michael Crumpton (Plaintiff) received your discovery responses to discovery
request 1-30-07. As such I have several concerns and reservations regarding said
responses, of which I seek to resolve with you prior to resorting to court
intervention. Fed. R. Civ. P 26 (c), 37(a)(2)(A),(B).

                        GENERAL REQUEST AND CONCERNS

        Plaintiff apologizes for any inconvenience incured as result of my
inability to more lucidly or effectively draft any of said request. As such
please inform me of any concerns that we might be able to mitigate any burden
to you.

        Plaintiff at this time also propose and inquires as to whether City
defendants opposes deposition by written question in relation to subject matter
which forms the basis of Second amended complaint. Which would likely reduce the
need for production of documents. Fed. R. Civ. P 26(b)(2), 33(a).


        Plaintiff contends that designated attorney has failed to sign and date
discovery request see pg. 7 responses.

        Plaintiff contends responses where untimely. Request mailed 12-18-06;
responses dated 1-25-07 (Finnin).

        Plaintiff contends objects to Interrogatories, are general objections
asserted without specific support nor submits affidavit or evidence that reveals
nature of the claimed litany  of interrogatory objections. See Puricelli v.
Borough of Morrisville 136 F.R.D 393, (E.D. Pa. 1991)

        Plaintiff contends that defendants invoking Attorney client privileges
or other privileges are obstructive to the extent City defendants failed to move

protective orders regarding said information prior to or during the time for dis-
covery responses . And further ignored Plaintiff's instruction no. 8 ; Which
requested that any such privileges invoke , specifically state each basis and
detail. To enable the court to decide wheter such privilege is warranted.

Plaintiff contends that claims of inadmissibility are not valid grounds
for objections. As long as information appears reasonably calculated to lead to
the discovery of admissible evidence. See, Oppenheimer Fund, Inc v. Sanders, 437
U.S. 340  (1978).


## SPECIFIC CONTENTION/ OBJECTION

1.      Response to interrogatory No. Plaintiff contends the grounds upon which
objection made, overly broad" is non responsive and evasive. As Plaintiff contends
that his criminal case which gave rise to the complaint he now pursues is not relevant
in the context of which the defendant's apply. As substantive issues of law and fact
are material to the scope of his claims and the scope of information applicable
to discovery Fed. R. Civ. P 26 (a). Also fails to identify named parties (conection).


2.      Response to interrogatory No.2. Plaintiff contends response is  unwarranted
on grounds set forth above and herein . Plaintiff contends that claims that request
is not calculated to lead to discovery of admissible evidence are at odds with Fed.
R. Civ. P 26 (b) and the scope and breath of Plaintiff claims and defenses likely
to be invoked by defendants. Plaintiff has raised claims of custom. policy and
usage as it relates to defendants. Thus said acts or actions are materially relevant
to the case and subject matter at hand and Plaintiff's investigation of Defendant(s)
"course of conduct".

Plaintiff further contends that defendant seems to raise defenses which
have neither been plead or evoked within the pleadings; as grounds to avoid discovery.
Eg... Standing, which are not proper or relevant to the discovery sought by plaintiff
at this time.

Plaintiff at this time proposes defendant provide relevant matters as
it relates to Interrogatory No. 2, for the years of 1995-2003, in the spirit of
cooperation. Please see conclusion section of this letter.

3.      Responses to interrogatory No. 3: Plaintiff objects to this disclosure
as it seems to be incomplete ie... Last page of Hard copy report says continued
but there is no further pages provided ( Report No. G01996-50732).  And fails
to provide dates of disposition of property or the meanings associated therewith
eg... term: City Sale.

Term; Flags. Term; Tag #. And Further the meaning of eg...Glass vials containing
hair samples...F.B.I- SA Cangley Pg#'S 5,7,8,9,. As this code is not readily
decipherable to Plaintiff.

As to Defendants argument that Plaintiff "has no standing to pursue
discovery inquiring into items ...belong[ing] to other individuals," is not at
issue as set forth above Plaintiff's claims invoke possessory interest as well
as constructive possession of said property. Moreover defendants have not raised
this claim of "standing" within there perspective pleadings and as such have
not given Plaintiff opportunity to rebut and to do so at his stage hampers
plaintiff's case unreasonably.

4.      Response to admission No. 1: Plaintiff contends this response is con-
fusing as to the objection which states: " Objection please see responses to
Interrogatory Nos. 1-3". Plaintiff cannot determine which of any or all
objections are set forth and are applied to this request for admission. And
therefore request clarification.

5.      **Request for document production No.1:** Plaintiff contends that objection
is unwarranted on grounds set forth supra. And on grounds that boilerplate objection
of burdensomeness are vauge and unfounded. Further plaintiff contends that an
issue of evidence testing has emerged within the proceedings as defense or miti-
gation and as such any documents, records bearing on that fact are relevant.

Plaintiff has provided the records obtained regarding his alleged
property but as apparent those records do not nor could not establish any of "testing"
of which defendants have claimed or which are solely within your knowledge.

The affidavit of Mark Finnin do not address this matter. Further the
issue of "Testing" is relevant as to the substantive issues of law ie...when
was plaintiff entitled to the return of his alleged property. Fed. R. Civ. 26 (b).

6.      Request for production No.2:  Plaintiff contends this objection is
nonresponsive and unfounded, in that a party responding must state a specfic
objection. A party cannot make a blanket objection that all documents requested
are covered by privilege . Further fails to provide privilege log or other
comparable item (describing materials withheld. Defendant has failed to seek
timely protective order. Failed to sign objection.

Plaintiff contends that request is meritfully within scope of discovery
and pertinent to the ultimate issue of law eg... When defendants need for plaint-
iff's alleged property ended.  Also the fact that plaintiff's claims and his criminal
prosecution involve the same property "which is alleged to have been evidence  in
his criminal prosecution or "Investigations" by you.

Plaintiff further proposes as to this request, for the sake of cooperation and convenience defendants may provide a properly sworn narrative outlining said memos, conversations etc... between you and any Federal officials in regard to this request.

7.    Request for document production No.3 : Plaintiff contends that said objection is unwarranted on grounds set forth above and herein incorporated by reference. PLaintiff does not request any document already produced by you or federal defendants in this case (Duplicate). Plaintiff further avers that he is not seeking information to attack his criminal conviction as it has sence long passed 2000. And his appeals have been exhausted and lay dormant. Further the relevance of this inquiry is within the scope of discovery and issues presented at this time eg... Federal defendants have stated in pleadings that property was seized by you in relation to ongoing invetigations. Plaintiff only seeks documents in your custody, control or ability to obtain in relation to your status.


CONCLUSION

In your exhibit 2, "Aurora Police Dept. Standard procedures".. This exhibit cites effective date of October 1997 and revised date of June 21, 2006. Plaintiff request that you provide the copy for relevant dates of October 1996; 1998. If any changes to this portion of your procedures where in effect.

As to responses to interrogatory No.2, Plaintiff proposes as a substitute that you provide a sworn narrative detailing events of this request involving years of 1995-2000. (detailing pertinent facts dates, descriptions items and leaving out personal or law enforcement info.).

Plaintiff is receptive to any suggestion which may ease any burden you may incur, which would allow plaintiff to pursue his case timley.

Plaintiff received signed and amended responses at time of mailing.

Plaintiff hereby informs you that he is considering seeking sanctions if warranted in relation to your exhibits 1 & 3. On grounds that said information should have been provided in original disclosures.

Respectfully Submitted  2-7-07  ,  Michael Crumpton

Michael A. Crumpton 27217-013
Federal correctional Institution
P.O. Box. 26010
Beaumont, Texas 77720-6010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC(Consolidated With Civil Action No. 05-cv-02343-
MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL ANDRE CRUMPTON,

      Plaintiff,

v.

SA MARK FINNIN, Officially and Individually, City of Aurora, Colorado, Police Officer,
CITY OF AURORA, COLORADO
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,
COLORADO
SA CLYDE A. LANGLEY, Officially and Individually,
SA RICKY V. WRIGHT, Officially and Individually,
MICHAEL W. WONN, Officially and Individually,
SA JOSEPH C. JOHNSON, Officially and Individually,
SA FRANK A. LOTURCO, Officially and Individually,
A U.S.A. STEPHANIE PODOLAK, Officially and Individually,
OTHER KNOWN OR UNKNOWN AGENTS OR AGENCIES, Officially and Individually,

      Defendants.

---

DEFENDANT CITY OF AURORA'S AND MARK FINNIN'S RESPONSES
TO PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS, INTERROGATORIES
AND DOCUMENT REQUEST TO CITY OF AURORA
AND MARK FINNIN (official capacity)

---

Defendants City of Aurora and Mark Finnin (official capacity), by and through their

counsel, Peter Ruben Morales, hereby submits their responses to Plaintiff's Amended Request

for Admissions, Interrogatories Document Request to City of Aurora and Mark Finnin, pursuant

to F.R.C.P. 33, 34, and 36, as follows:

## INTERROGATORIES

## INTERROGATORY NO. 1

1.  Identify every witness, person, agent, employee Federal or State, who had knowledge or information in relation to City of Aurora police officer Mark Finnin's acquisition, seizure, disposition, seizure of any of plaintiff's property which forms the basis of Plaintiff's complaint. 1996- 2006.

## RESPONSE TO INTERROGATORY NO. 1

1.  Defendants object to Interrogatory No. 1 to the extent that it is overly broad and unduly burdensome in that the disposition of Plaintiff's criminal matter occurred in 1996 and thus the interrogatory seeks information for the years well beyond the conclusion of Plaintiff's criminal case.  Defendants do not, however, pursue this objection to the point that they will not respond to the interrogatory.  Accordingly, Defendants answer as follows:  SA Langley, AUSA Stephanie Podolak, , Sgt. Gary Davis, and Shauna Volz of Arapahoe County Sheriff's Office.

## INTERROGATORY NO. 2

2.  List and detail any occasion, time that you have ever participated in joint investigation with the Federal Bureau of Investigation for the district of Colorado or Any (sic) other Federal agency. Whereby you acquired, seized, searched property; without state warrant, and did not notify person who was the subject of Federal investigation that you had thereby came to possess, search, or seize the property of person who where (sic) the subject or charged/convicted of Federal crimes.  From on or about 1995 – 2006 (excluding from list instant case and further redacting or expunging any personal or sensitive information of any ongoing investigations) charges (not including Plaintiff's claims) in between the dates of 1990 – 2006.

2

## RESPONSE TO INTERROGATORY NO. 2

2. Defendants object to Interrogatory No. 2 because it inquires into matters which are not "relevant to the claims . . . of any party . . . " *F.R.C.P. 26(a) (1) (b).* As such, Interrogatory No. 2 is not reasonably calculated to lead to the discovery of admissible evidence. Interrogatory No. 2 seeks information regarding the propriety of searches and seizures of property other than that allegedly owned by Plaintiff. To the extent that Plaintiff's interrogatory seeks information regarding the propriety of those searches and seizures, including Plaintiff's underlying search and seizure, this issue is irrelevant because the other searches and seizures have no bearing on the instant matter and Plaintiff's underlying search and seizure was previously determined as proper by the Court which handled Plaintiff's criminal matter. Plaintiff is thus estopped from exploring, raising, re-arguing, or pursuing that issue. In addition, the interrogatory is overly broad and unduly burdensome in that it seeks information well beyond the focus of Plaintiff's Complaint. Lastly, Interrogatory No. 2 presumes facts not yet in evidence in that it assumes: 1) that the property he alleges is his, is in fact his, 2) that Plaintiff has standing to claim his alleged property alleged, and 3) that Plaintiff had the right to receive notification about the disposition of his alleged property. In support of these objections, please see the attached Affidavit of Mark Finnin and Exhibits 1 – 3.

## INTERROGATORY NO. 3

3. List and detail the ultimate disposition of any of Plaintiff's property obtained by you in relation to (sic) Subject matter which forms the basis of Plaintiff's complaint.

## RESPONSE TO INTERROGATORY NO. 3

3. Defendants object to Interrogatory No. 4 to the extent that it assumes that the property Plaintiff asks after in the interrogatory is actually his property. In contrast to Plaintiff's claim that the property at issue is in fact his property, certain of the property listed in the document ("F.B.I. Business Record – FD-302 relating to 1357 South Geneva Way, Apt. F-105, Aurora, Colorado) which Plaintiff attached to his discovery indicate that the property belongs to other individuals such as Noelle Poindexter, Jacqueline Dopwell, Ronald Johnson, and Gregory Turnestine, among others. Simply put, Plaintiff has no standing to pursue discovery inquiring after those items. Further, the attached Affidavit of Mark Finnin and its exhibits indicate that the procedures relating to the disposition of Plaintiff's alleged property were properly followed. Defendants do not, however, pursue this objection to the extent that they are unwilling to provide the Aurora Police Department Property Report No. G01996-50732, which is attached to the aforementioned Affidavit as Exhibit 3.

## REQUEST FOR ADMISSIONS

## REQUEST FOR ADMISSIONS NO.1

1. Please admit: City of Aurora Police Officer had as his authority granted to him as City of Aurora Police Officer; the authority to seize, possess and transfer Plaintiff's property (property set forth in F.B.I business records attached) to the City of Aurora Department evidence room; on or about and between 1996 – 2001.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1.

1. Objection, please see Responses to Interrogatory Nos. 1 - 3. Subject to these objections, admitted, as to the years involving plaintiff's arrest, prosecution, conviction, and appeals.

## REQUEST FOR ADMISSION NO. 2

2. Please admit: Property set forth in the attached F.B.I. business records where (sic) obtained and or searched/seized by you. Attachment A.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2

2. Admitted.

## REQUEST FOR ADMISSION NO. 3

3. Please admit: That you have not at any time afforded Plaintiff notice or hearing prior to receipt or disposition of Plaintiff's property set forth in attached F.B.I. business records. A.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3

3. Objection, please see Responses to Interrogatory Nos. 1 - 3. Further, Defendants object based upon the information contained in the attached Affidavit of Mark Finnin. Based on the foregoing objections and clarifications contained in the Affidavit of Mark Finnin, which evince the fact that Plaintiff was not given notice of hearing because he was not entitled to any such notice or hearing, Defendants are unable to either admit or deny this request.

## REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1

1. Please Produce: Any and all documents that evidence, mention or refer to Plaintiff's property, in whatever form including but not limited to e.g. . . . Disposition of property forms, property section invoices and receipts, police reports, chain of custody forms, business (sic) records, evidence test results.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

1. Defendants object to Request for Production No. 1 in that it is overly broad and unduly burdensome, in addition to the objections contained in the Responses to Interrogatory Nos. 1 – 3. Moreover, Plaintiff has supplied via Exhibit A to his Interrogatories, Requests for Admissions, and Request for Documents, a listing of those items which he alleges are his property. Thus, the information sought by this request is equally available to Plaintiff. The requested "Property Section invoices and receipts, police reports, chain of custody forms, business (sic) records, evidence test results" will add nothing to the listing that Plaintiff has himself supplied. Subject to these objections and clarifications, please see Response to Interrogatory No. 3, and specifically, the Affidavit of Mark Finnin, Exhibit 3.

## REQUEST FOR PRODUCTION NO. 2

2. Please produce: Any document, regarding communications between you U.S. Attorney's Office, Federal Bureau of Investigation for the district of Colorado in relation to the transfer, disposition of any of Plaintiff's property which forms the subject matter of Plaintiff's complaint. On or between 1996 – 2000.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

2. Objection, this request is overly broad and unduly burdensome. Defendants object to this request to the extent that it calls for the production of documents that are protected by the Attorney-Client and Attorney Work Product privileges. Defendants further object to this request to the extent that it seeks documents that may be filed under seal with a court, such as with respect to a search warrant. Subject to these objections, please see paragraph 4 to the Affidavit of Mark Finnin.

## REQUEST FOR PRODUCTION NO. 3

3. Please produce: Any and all copies of documents whereby Plaintiff was mentioned or subject of investigation in relation to charges or conviction of which Plaintiff was convicted; 96-Cr-419 and 98-cr-260-D, ie. . . Any investigation undertaken By you, where documents evidence such eg . . . affidavits, search warrants, transcripts, grand jury hearing, etc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

3. Objection. This request is overly broad and unduly burdensome. In addition, this request is not calculated to lead to the discovery of admissible evidence because the request seeks information calculated to attack Plaintiff's criminal prosecution, which is not the subject of the instant lawsuit. Based on the foregoing objections, Defendants are unable to respond to this request.

Respectfully submitted this _____ day of January, 2007.

**AS TO OBJECTIONS:**

Peter Ruben Morales
Assistant City Attorney

**AS TO RESPONSES TO INTERROGATORY NOS. 1 – 3, REQUEST FOR ADMISSIONS NOS. 1 - 2 AND REQUEST FOR PRODUCTION NOS. 1 -2.**

I declare under penalty of perjury that the foregoing is true and correct.

1-25-07

Mark Finnin, Officer

**CERTIFICATE OF MAILING**

I hereby certify that I have this _____ 25th _____ day of January, 2007, deposited in the U.S. Mail with sufficient postage affixed thereto, a true and correct copy of the foregoing **DEFENDANTS' CITY OF AURORA'S AND MARK FINNIN'S RESPONSES TO PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS, INTERROGATORIES AND DOCUMENT REQUEST TO CITY OF AURORA AND MARK FINNIN (OFFICIAL CAPACITY)** addressed to:

Michael A. Crumpton- 27217-013
Federal Correction Institution
P.O. Box 26010
Beaumont, Texas 77720-6010

Amy L. Podden
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202