IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00653-MSK-PAC
(Consolidated with Civil Action No. 05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL ANDRE CRUMPTON,

    Plaintiff,

v.

SA MARK FINNIN, Officially and Individually, *et al*.,

    Defendants.

## ORDER

O. Edward Schlatter, United States Magistrate Judge

    This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983. The matter before the court is plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Compel [Doc. #131; filed May 29, 2007].

I.    <u>Factual Background</u>

    Plaintiff alleges the following pertinent facts in his Second Amended Complaint, filed August 31, 2006. Defendant Aurora Police Officer Mark Finnin seized property from plaintiff's Aurora, Colorado, residence pursuant to a criminal investigation in October 1996. Finnin, acting with the authority of a federal agent, arrested plaintiff on federal drug-related charges in November 1996. Finnin booked plaintiff into the Aurora city jail and removed plaintiff's personal property. Plaintiff pleaded guilty to one or more of the charges in June 2000 and was sentenced to fifteen years imprisonment.

    In April and June 1998, Finnin took possession of several items of plaintiff's

personal property from defendant S.A. Clyde Langley out of an FBI evidence room.

Plaintiff alleges that his request for the return of his personal property under Fed.R.Crim.P. 41(e) was denied in approximately February 2001 on the ground that the property was needed as evidence in the criminal appeal of plaintiff's co-defendant, Mr. Hunter. Plaintiff's criminal appeal was terminated in 2003. Mr. Hunter's appeal terminated in 2004.

Plaintiff states that he has never received notice from the City of Aurora or any other government entity or officer about the status or disposition of his personal property which he estimates to be worth $20,000 to $30,000. Some of the property seized was not used as evidence in the criminal proceeding, and none of the property was subject to forfeiture.

Plaintiff claims that the defendants violated his Fourth Amendment right to be free from unreasonable seizures of property, and intentionally and recklessly deprived him of his property without due process in violation of the Fifth and Fourteenth Amendments.

II.     Motion for Reconsideration of Order Denying Motion to Compel Discovery Requests

On May 4, 2007, I denied plaintiff's Motion to Compel defendants' responses to plaintiff's written discovery requests. (Doc. #127)  Plaintiff now urges me to reconsider that order, arguing that he cannot prove an unconstitutional policy or custom by the City of Aurora without the requested discovery, and that the discovery is relevant to his unlawful search and seizure claim.

Plaintiff filed his motion for reconsideration on May 29, 2007. I treat a motion to reconsider filed more than ten days after the court's order as a motion filed under Fed.R.Civ.P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff must satisfy one of Rule 60(b)'s enumerated six grounds for relief[1] to warrant reconsideration of a prior court order.  Revisiting the issues already addressed "is not the purpose of a motion to reconsider."  *Van Skiver*, 952 F.2d at 1243.

Plaintiff has not satisfied any of the specific grounds for relief in Rule 60(b), nor has he asserted any new reasons justifying relief from the court's order denying his motion to compel.

In his discovery requests, plaintiff asked the City of Aurora and Mark Finnin (official capacity[2]) to identify each occasion, between 1995-2000, that Finnin participated in a joint FBI or other federal agency investigation "[w]hereby [Finnin] . . . seized . . . property without [a] warrant" and did not notify the property owner, who had been charged with, or convicted of, a federal offense.  Plaintiff also sought the production of all documents relating to: the City of Aurora's investigation of the crimes for which plaintiff was committed; and, any documents relating to the disposition of plaintiff's property, between 1996 and

---

[1] Fed.R.Civ.P. 60(b) provides, in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

[2] Plaintiff's claims against Mark Finnin in his official capacity are construed as claims against the City of Aurora.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(stating that an official capacity suit is "another way of pleading an action against an entity of which an officer is an agent"); *Myers v. Oklahoma County Board of County Commissioners*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).

2000.

Defendant Finnin's prior record of warrantless seizures is irrelevant to plaintiff's claims in the present action. The evidence shows that the property seized by federal agents and defendant Finnin in October 1996 was pursuant to a warrant. (*See* Doc. #115, attachments) The discovery request as directed to Fourteenth Amendment due process claim is relevant, however.

To succeed on his claim of intentional deprivation of property without due process of law, plaintiff must show that he was deprived of his property without adequate notice and an opportunity to be heard. *See Mullane v. Central Hanover Bank &Trust Co.,* 339 U.S. 306, 313 (1950). A municipality will be held liable for a constitutional violation only if the deprivation was pursuant to an established unconstitutional policy or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

As discussed in the court's May 4, 2007 Order, the Affidavit of Mark Finnin,[3] attached to defendant's discovery responses, shows that documents concerning communications between Finnin and federal agencies and prosecutors about plaintiff's property/evidence were destroyed along with plaintiff's property in 2002 or 2003, pursuant to the City of Aurora's policy on retention of property and evidence. Plaintiff has received a copy of the relevant policy. *See* Aurora Police Department Standard Operating Procedures Re: Disposition of Evidence, Confiscated or Found Property, attached to Motion for Reconsideration. I find that plaintiff has not raised any grounds for reconsideration of the court's disposition of his motion to compel the City of Aurora and

---

[3] Defendants provided a copy of the Finnin affidavit to the court on June 18, 2007. (Doc. #137).

Mark Finnin's response to plaintiff's Interrogatory No. 2 or Document Request Nos. 2 and 3.

Plaintiff has likewise not demonstrated any basis for reconsideration of the court's order denying his motion to compel discovery responses from the federal defendants. Plaintiff's *pro se* Second Amended Complaint, construed liberally, challenges the initial seizure of his property by the federal defendants, and the constitutionality of the transfer of his property from the FBI to the Aurora police department in June 1998, in violation of his Fourth and Fifth Amendment rights. Plaintiff's discovery requests are directed largely at his claim against defendant assistant United States attorney Podolak - that Podolak misled plaintiff into believing that he would be notified of his right to re-claim his property after the conclusion of his co-defendant's criminal appeal, but instead his property was destroyed by the Aurora Police Department before that appeal was final. Because plaintiff has not set forth any grounds under Rule 60(b) to show that a different ruling is warranted, I affirm my May 4, 2007 Order that defendants' responses and objections to plaintiffs' discovery requests, were valid and proper. Accordingly, it is

**HEREBY ORDERED** that plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Compel [Doc. #131; filed May 29, 2007] is **DENIED**.

Dated June 25, 2007.

                                        BY THE COURT:

                                        s/ O. Edward Schlatter
                                        O. EDWARD SCHLATTER
                                        United States Magistrate Judge