IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00653-MSK-PAC (Consolidated With Civil Action No. 05-cv-02343-MSK-PAC and Civil Action No. 05-cv-02555-MSK-PAC)

MICHAEL ANDRE CRUMPTON,

        Plaintiff,

v.

SA MARK FINNIN, Officially and Individually, City of Aurora, Colorado, Police Officer,
CITY OF AURORA, COLORADO,
SA CLYDE A. LANGLEY, Officially and Individually,
SA RICKY V. WRIGHT, Officially and Individually,
MICHAEL W. WONN, Officially and Individually,
SA JOSEPH C. JOHNSON, Officially and Individually,
SA FRANK A. LOTURCO, Officially and Individually,
A.U.S.A. STEPHANIE PODOLAK, Officially and Individually,
OTHER KNOWN OR UNKNOWN AGENTS OR AGENCIES, Officially and Individually,

        Defendants.

---

## ORDER ON MOTIONS

---

        THIS MATTER comes before the Court on the following motions filed in this consolidated action:

    (1)    A motion to dismiss (Civil Action No. 05-cv-02343 **#58**)[1] filed by Defendant Mark Finnin, in his official capacity, and Defendant City of Aurora[2] with regard to the claims against them in the Second Amended Complaint filed in Civil Action Nos. 05-cv-02343 and 05-cv-02555.  The Plaintiff responded (**#142**), and the City Defendants replied (**#71**).

---

[1] Unless otherwise specified, as here, all references to docket entries pertain to documents filed in Civil Action No. 05-cv-00653.

[2] The Court collectively refers to Mark Finnin (in his official capacity) and the City of Aurora as "the City Defendants."  To the extent Mark Finnin is sued in his individual capacity, he is grouped with the "Federal Defendants," as described *infra*.

(2)     The Plaintiff's motion (**#94**) to strike the City Defendants' reply in support of their motion to dismiss, to which no response was filed.

(3)     A motion for summary judgment (**#70**) filed by the self-denominated "Federal Defendants."[3]  The Plaintiff responded (**#96, #97**) and the Federal Defendants replied (**#100, filed twice at #102**).

(4)     A motion to join (**#89**) in the motion for summary judgment filed by three of the Federal Defendants.[4]  The Plaintiff responded (**#140-2**) and the Federal Defendants replied (**#108**).

(5)     The Federal Defendants' motion (**#104**) to strike the Plaintiff's statement of disputed factual issues filed in response to the summary judgment motion.  The Plaintiff filed no response to this motion to strike.

(6)     The Plaintiff's motion (**#129**) to proffer a summary judgment motion.  No Defendant responded to this motion.

(7)     The Plaintiff's motion for summary judgment (**#130**) and supporting declaration (**#132**) against the City Defendants.  The City Defendants responded (**#135**), and the Plaintiff filed no reply.

(8)     The Plaintiff's motion (**#114**) "to proffer evidence and place on file with the Court."  The Federal Defendants responded (**#121**), and the Plaintiff did not reply.

(9)     The Plaintiff's motion (**#126**) for judgment on the pleadings.  The Federal Defendants responded (**#128**), and the Plaintiff did not reply.

(10)    The Plaintiff's motion (**#92, filed twice at #95**) asking the Court to accept his response (**#91**) to the Defendants' motion to strike discovery responses, or in the alternative, to reconsider any judgment entered in this case.  The Federal Defendants responded (**#106**), and the Plaintiff did not reply.

---

[3] The Federal Defendants consist of all Defendants except for the City of Aurora and Mark Finnin in his official capacity.  This particular motion was filed by Mr. Finnin in his individual capacity, Ricky Wright in all capacities, Michael Wonn in all capacities, Clyde Langley in his official capacity, Frank LoTurco in his official capacity, Joseph Johnson in his official capacity, and Stephanie Podolak in all capacities.

[4] This motion was filed by Mr. Langley, Mr. LoTurco, and Mr. Johnson in their individual capacities.

(11)     The Plaintiff's motion **(#93)** "to deem certain of Federal Defendants' claims of insufficient knowledge or information, admitted."  The Federal Defendants responded twice **(#105, #111)**, and the Plaintiff did not reply.

(12)     The Plaintiff's motion **(#107)** to strike an Answer filed by Defendants LoTurco, Langley and Johnson.  These three Defendants responded **(#109)**, and the Plaintiff did not reply.

(13)     The Plaintiff's motion **(#112)** seeking leave to amend or withdraw any filings which violate the Court's Local Rules, or to waive applicability of Local Rule 7.1(A).  The Federal Defendants responded **(#113)**, and the Plaintiff did not reply.

Having considered all of these motions and any responses and replies, the Court finds and concludes as follows.

## I.  Jurisdiction

The Court exercises subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331, and exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## II.  Procedural Background

The Plaintiff, Michael Andre Crumpton, appears  *pro se*.[5]  He commenced three separate civil actions which are now consolidated.  To shed light on the Court's ruling with regard to the motions pending in this consolidated case, the Court first summarizes the procedural history of each of the three actions and the claims which Mr. Crumpton asserts.

---

[5] As a consequence, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court is not required to be his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Like all other litigants, a *pro se* litigant is required to comply with the Rules of Civil Procedure, as well as all other applicable rules.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**A.  Civil Action No. 05-cv-00653**

Mr. Crumpton commenced this action on April 1, 2005, against Assistant United States Attorney Stephanie Podolak in her individual capacity.  He alleges that during September and October 1996, several federal marshals and state police officers searched his residence, his "stash house," and the automobile he was driving.  He claims that they seized several items of his personal property, which later came into Ms. Podolak's possession during the criminal proceedings against him.

Mr. Crumpton states that he entered a guilty plea in his criminal case during November 2000, then sought the return of his property under Fed. R. Crim. P. 41(e).[6]  Ms. Podolak, on behalf of the United States, responded that the property would not be returned to Mr. Crumpton because they were part of his narcotics offenses and might be needed to prosecute his co-defendants.  The district court then denied his motion for return of the property on the basis that it was seized as evidence of narcotics crimes, and also needed to be preserved pending appeal.

In his Complaint, Mr. Crumpton claims that Ms. Podolak violated his right to both procedural and substantive due process by retaining his property without initiating a forfeiture proceeding.  He also claims that, due to the nature of the property, his rights to privacy and freedom of speech have been violated.  He also claims that some of his property was seized in violation of the Fourth Amendment.  He seeks compensatory and punitive damages, as well as the return of his property, in specific, a laptop computer, a frequency counter, two handheld scanners, a plastic outlet wall safe, a false bottom can safe, two locksmith toolsets, a little black book of telephone numbers, an Anarchist cookbook, a cellular modification handbook, records and

---

[6] Slightly modified, the relief offered by former Rule 41(e) is now offered by Rule 41(g).

documents, two bullet proof vests, two hand guns, garment bags or a backpack, a Casio data bank type watch, a cellular telephone, a wallet, shoes, boots, and "various unknown items."

On June 3, 2005, District Judge Zita Weinshienk dismissed Mr. Crumpton's claim as "legally frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Weinshienk concluded that Ms. Podolak was absolutely immune from Mr. Crumpton's request for monetary relief because she was acting within the scope of her prosecutorial duties. The dismissal order did not address Mr. Crumpton's request for the return of the property.

Mr. Crumpton appealed. On March 24, 2006, the Tenth Circuit reversed the order of dismissal, and remanded the case for further proceedings. It concluded that Ms. Podolak was not absolutely immune from liability on the face of the Complaint, because the claims, as alleged, arose from her performance of administrative functions after the conclusion of Mr. Crumpton's criminal case, rather than from her role as a prosecutor. Therefore, based on the allegations, she could only claim entitlement to qualified immunity. However, the Tenth Circuit did not foreclose the possibility that Ms. Podolak might be entitled to absolute immunity if it were shown that she retained the property in her role as advocate with regard to one of Mr. Crumpton's co-defendants. The Tenth Circuit did not address Mr. Crumpton's request for the return of his property, presumably because it was outside the scope of his appeal.

After the case was remanded, the Court consolidated this case with Mr. Crumpton's other two cases on September 21, 2006.

**B.  Civil Action Nos. 05-cv-02343 & 05-cv-02555**

Mr. Crumpton commenced Civil Action No. 05-cv-02343 on November 3, 2005. He commenced Civil Action No. 05-cv-02555 on December 1, 2005.  Before anything of

consequence occurred in either case, the Court consolidated these two actions on June 13, 2006.

In the Order Consolidating Cases, the Court directed Mr. Crumpton to file a Second Amended

Complaint identifying all claims he intended to assert in the consolidated action.  He did so on

August 21, 2006.  Subsequently, the case was consolidated with Civil Action No. 05-cv-00653 on

September 21, 2006.   Apparently, no scheduling hearing was held or scheduling order was issued

after consolidation of these cases.

Named as Defendants in Mr. Crumpton's Second Amended Complaint are Aurora Police

Officer "SA" Mark Finnin, the City of Aurora, SA Clyde Langley, SA Ricky Wright, Michael

Wonn, SA Joseph Johnson, SA Frank Loturco, Ms. Podolak, and "other Known or Unknown

Agents and Agencies."[7]  All Defendants are sued in their official and individual capacities.

The facts giving rise to Mr. Crumpton's claim in this action are identical to those alleged

in Civil Action No. 05-cv-00653.  However, in this action he also alleges that Mr. Finnin took

possession of several of the seized items during October 1996, November 1996, April 1998, and

June 1998, and either placed the items in, or removed them from, the Aurora Police Department's

and Federal Bureau of Investigation's ("FBI") evidence rooms.  He also alleges that Mr. Langley

of the FBI assisted Mr. Finnin in retrieving items from the FBI evidence room.  He claims that

Mr. Johnson and Mr. Loturco were responsible for the policies and procedures relating to the

handling of property.  He claims that Mr. Wright conferred with Ms. Podolak about the property

during October 2002, and she advised him that the evidence could be returned or destroyed.  He

further alleges that Mr. Wonn approved this course of action.

---

[7] He also named the Arapahoe County Board of Commissioners as a Defendant, but later dismissed
all claims against such Defendant.

6

The Second Amended Complaint contains thirteen enumerated claims, which fall into several general categories.  For instance, Mr. Crumpton claims that the Defendants deprived him of property without procedural or substantive due process.  He also claims that some Defendants should be liable for their failure to train or supervise others.  He further claims that some of his property was seized in violation of the Fourth Amendment, and that the Defendants violated his right to privacy.  He claims, in addition, that two or more persons conspired to deprive him of his constitutional rights.  Finally, he asserts supplemental state law claims of conversion and detinue.[8]

---

[8] The thirteen claims fall into three categories: (1) claims against all Defendants; (2) claims against "Federal Defendants," as denominated by Mr. Crumpton; and (3) claims against "State Defendants," as denominated by Mr. Crumpton.  Construing Mr. Crumpton's Second Amended Complaint liberally, it appears that the term "State Defendants" denotes the City of Aurora and Mr. Finnin, in his official capacity.  Therefore, the Court finds that Mr. Crumpton asserts the following claims:

> Claim 1: all Defendants violated Mr. Crumpton's rights to procedural and substantive due process during October 1996.
>
> Claim 2: all Defendants violated Mr. Crumpton's rights to procedural and substantive due process during April 1998.
>
> Claim 3: all Defendants violated Mr. Crumpton's rights to procedural and substantive due process during May 1998.
>
> Claim 4: the Federal Defendants violated Mr. Crumpton's right to procedural due process between October 1996 and 2006, by denying him forfeiture proceedings.
>
> Claim 5: the Federal Defendants conspired to deprive Mr. Crumpton of his property without due process.
>
> Claim 6: the Federal Defendants failed to train or supervise others, resulting in a deprivation of Mr. Crumpton's right to due process and Fourth Amendment rights.
>
> Claim 7: the City Defendants violated Mr. Crumpton's right to due process, and his Fourth Amendment rights, during November 1996.
>
> Claim 8: the City Defendants seized property without a warrant during April and June 1998, in violation of Mr. Crumpton's Fourth and Fourteenth Amendment rights.
>
> Claim 9: the City Defendants violated Mr. Crumpton's right to privacy by rummaging through his property.
>
> Claim 10: the City Defendants engaged in a policy, custom, usage or practice of seizing property in violation of the Due Process Clause, and failed to train others to prevent such violations.
>
> Claim 11: the City Defendants conspired to deprive Mr. Crumpton of his property without due process.
>
> Claim 12: the City Defendants committed the tort of conversion by taking Mr. Crumpton's property.
>
> Claim 13: the City Defendants committed the tort of detinue by interfering with Mr. Crumpton's
> (continued...)

Mr. Crumpton seeks compensatory and punitive damages.  He also requests the return of his property, which includes the following items in addition to those described above: a checkbook, notes, western union receipts, letters, mortgage papers, a credit counseling folder, a computer disk, the Anarchist Handbook, a spy shop catalog, a green back pack, a ski mask, binoculars, a Motorola cell phone, an AT & T cell phone, a Chex system letter, a pager, a notebook carrier, telephone batteries, cash, a pair of jeans, a large rolling garment bag, a large duffle bag, gloves, sunglasses, 9 mm magazines, and a holster.

## C.  Current Procedural Posture of this Case

As this case is currently configured, there are two operative Complaints.  The Court has already outlined the claims asserted in each.  However, Mr. Crumpton asserted such claims at the initial pleading stage.  It has since become evident by his filings in this case that his claims have undergone some metamorphosis.  He no longer challenges the initial seizures of his property pursuant to the search warrants, or at the time of his arrest.  Rather, his claims are directed at the manner in which his property was handled after seizure, and the fact that his property was destroyed rather than returned to him.

The Court understands Mr. Crumpton to be asserting claims based upon the retention and destruction of his property.  Regardless of how his claims are enumerated or characterized, it appears that Mr. Crumpton contends, as to both groups of Defendants, that he has been deprived

---

[8](...continued)
property rights.

Black's Law Dictionary explains that conversion is "the wrongful possession or disposition of another's property as if it were one's own."  By contrast, detinue is "a common-law action to recover personal property wrongfully taken by another."

of his personal property without a determination that it was forfeit in a properly initiated forfeiture proceeding. He claims that the United States and the Federal Defendants violated his rights to procedural and substantive due process, to privacy, and to freedom of speech by improperly retaining and then transferring his personal property to the City of Aurora. As to the City Defendants, he claims that they destroyed his property in violation of his rights to substantive and procedural due process, and he seeks state law tort remedies for the same. As to all Defendants, he claims that they failed to properly supervise or train others, and conspired to violate his constitutional rights.

Much of the relief requested by Mr. Crumpton in his Complaints may no longer be available. For instance, the return of his property is no longer an option. It is also unclear whether there may be anything to enjoin, or whether the sole remedy available to Mr. Crumpton is monetary. If so, then Mr. Crumpton must decide who the proper Defendants are in this case, and proceed only on his claims against such Defendants.

Having reviewed the entirety of the record, the Court also notes that no Scheduling Order has been entered in this case, nor has trial been set. Some deadlines were set in Civil Action No. 05-cv-02343 at a hearing held August 1, 2006. In specific, the Magistrate Judge set a discovery deadline of October 2, 2006, and a dispositive motions deadline of November 3, 2006. However, no Scheduling Order was entered after all cases were consolidated on September 21, 2006. In addition, discovery continued to occur in 2007, under the Magistrate Judge's supervision. Thus, this case has proceeded without the benefit of a global Scheduling Order.

The Court will direct the Magistrate Judge to convene a hearing under Fed. R. Civ. P. 16, for purposes of issuing a Scheduling Order as to this entire consolidated action, immediately

following which the parties shall set this matter for trial.  In addition, for reasons discussed *infra*, the Court will ask the Clerk of Court to seek appointed counsel for Mr. Crumpton, and will give Mr. Crumpton an opportunity to file a Third Amended Complaint which encompasses all of the claims he currently intends to assert in this action.

### III.  Motion to Dismiss

The City Defendants[9] move to dismiss the claims asserted against them in the Second Amended Complaint filed in Civil Action Nos. 05-cv-02343 & 05-cv-02555.  The motion is a bit difficult to follow.  First, the City Defendants assume that the only claims asserted against them are the alleged procedural and substantive due process violations.  They argue for dismissal of such claims on a variety of different legal grounds which they characterize as elements of Mr. Crumpton's claims, but some of which are defenses on which the City Defendants bear the burden of proof.  They also argue for dismissal under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) in a single motion without delineation of which arguments are jurisdictional.  Mr. Crumpton opposes the motion.[10]  The Court must therefore address the motion contention by contention.

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in the complaint as

[9] These are the City of Aurora and Mark Finnin in his official capacity, as explained *supra*.

[10] The City Defendants filed a reply, which Mr. Crumpton moves to strike on the basis that it violates Fed. R. Civ. P. 7.  Because Mr. Crumpton has articulated no viable basis for striking the reply, the Court denies his motion.

true and construes them in the light most favorable to Mr. Crumpton. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]"
*See Bell Atlantic Corp. v. Twombly,* _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

Motions to dismiss for lack of subject matter jurisdiction are governed by a different rule, Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).

First, with regard to all claims for municipal liability, the City Defendants contend that Mr. Crumpton has failed to allege facts necessary to an essential element – that the deprivation of his property was done pursuant to a governmental custom, policy, ordinance, regulation or decision. However, these allegations do appear in the Second Amended Complaint. Therefore dismissal is not appropriate.

Second, the City Defendants assert that Mr. Crumpton failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Crumpton responds that this suit does not result from the conditions of his confinement. The Court agrees. The exhaustion requirement in

11

§ 1997e(a) pertains to a civil action "brought with respect to prison conditions," which this is not. Rather, this case concerns a deprivation of property which began prior to Mr. Crumpton's incarceration, and was not caused by Mr. Crumpton's custodians.  Indeed, Mr. Crumpton asks that his property be given to either himself or another individual who is not incarcerated.  As a consequence, exhaustion of remedies pursuant to 42 U.S.C. § 1997e(a) is not required.

Third, the City Defendants contend that Mr. Crumpton cannot maintain this suit because he did not suffer a physical injury under 42 U.S.C. § 1997e(e).  That statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Mr. Crumpton responds that he is not seeking redress for mental or emotional injury.  Indeed, he seeks the return of his property taken from him before he was placed in custody, or its value as damages.  Dismissal is not appropriate on this ground.

Fourth, the City Defendants contend that Mr. Crumpton cannot establish the elements of a takings claim, specifically, that his property was taken for a public purpose.  Mr. Crumpton asserts no takings claim.  Thus, no dismissal is appropriate on this ground.

Fifth, as to Mr. Crumpton's due process claims, the City Defendants contend that Mr. Crumpton has failed to allege that there was a violation of applicable procedural safeguards. However, Mr. Crumpton has alleged that the City failed to give him "notice of any forfeiture action on his property" or any investigation that concerned the seized property.  These allegations are sufficient at the pleading stage.

Sixth, citing *Graham v. Connor,* 490 U.S. 386 (1989), the City Defendants assert that the seizure of property by an officer is not properly analyzed under a substantive due process

standard, and is instead subject to analysis under the Fourth Amendment.  Mr. Crumpton has not

addressed this argument.  However, the Court notes that *Graham* was an excessive force case,

and the City Defendants have cited to no case authority extending it to this circumstance.  *Dicta*

in *Graham* suggests that when "the Fourth Amendment provides an explicit textual source of

constitutional protection against . . . physically intrusive governmental conduct," there can be no

substantive due process claim.  Arguably, Mr. Crumpton's substantive due process claims pertain

to retention rather than seizure of his property.  In addition, it appears from his later filings in this

case that Mr. Crumpton may be abandoning all Fourth Amendment claims. Therefore no dismissal

is appropriate on this ground.

Seventh, the City Defendants argue that Mr. Crumpton's claims are barred, as untimely

asserted, pursuant to either a 1-year or 2-year statute of limitations.  Mr. Crumpton argues that

his claims were timely asserted, or that the statute of limitations should be equitably tolled.  The

City Defendants contend that equitable tolling is inappropriate.  However, these are the types of

arguments which cannot be resolved pursuant to Fed. R. Civ. P. 12(b)(6), but instead require

further development of the factual record.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.

2006). No dismissal is appropriate on this ground at this juncture.

Eighth, the City Defendants argue that all official capacity claims against Mr. Finnin

should be dismissed as confusing, because an official capacity claim is the same as a claim against

the City of Aurora.  Confusion is not a ground for dismissal. While these Defendants are correct

that the official capacity claims are essentially claims against the City of Aurora, this is simply a

matter of denomination.  There is no utility in deleting Mr. Finnin, in his official capacity, as a

party to this suit, particularly when he remains a party in his individual capacity.

13

Ninth, the City Defendants contend that Mr. Crumpton cannot recover punitive damages on his claims against the City of Aurora. For this proposition, they rely upon *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), which held that municipalities are immune from punitive damages in actions under 42 U.S.C. § 1983, and upon *Lopez v. RTD*, 899 P.2d 254 (Colo. App. 1994), *aff'd in part, rev'd in part on other grounds*, 916 P.2d 1187 (Colo. 1996), which stated that the Colorado Governmental Immunity Act ("CGIA") prohibits awards of punitive damages against public entities. Mr. Crumpton has not addressed this argument. Because Mr. Crumpton's claims against the City Defendants arise either under 42 U.S.C. § 1983 or Colorado law, he cannot recover punitive damages from either of the City Defendants. However, the request for punitive damages is not a freestanding claim, but instead a form of relief. *See Jones v. Krautheim,* 208 F. Supp. 2d 1173, 1177 (D. Colo. 2002). Therefore, there is nothing to dismiss.

Finally, the City Defendants contend that as to the state law tort claims, they are entitled to immunity under the CGIA. In his response, Mr. Crumpton has not addressed this issue except to state that he filed a notice of claim under the CGIA.

The CGIA provides for immunity from liability on state law claims "which lie in tort or could lie in tort." *See* §§ 24-10-106 & -118, C.R.S. This immunity is extended to all public entities and governmental employees, such as the City Defendants, and amounts to a jurisdictional bar to asserted tort claims. *Id.; Tidwell ex rel. Tidwell v. City and County of Denver,* 83 P.3d 75, 85 (Colo. 2003).

In contending that the tort claims are barred by the CGIA, the City Defendants rely solely upon the pleadings. Thus, the Court considers whether Mr. Crumpton has pled sufficient facts to

demonstrate that the Court may exercise subject matter jurisdiction over the two tort claims.  *See*

*Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 925 (Colo. 1993).

However, the Court construes the CGIA narrowly and affords all reasonable inferences to Mr.

Crumpton.  *Tidwell*, 83 P.3d at 85.

First, Mr. Crumpton must plead facts which show that the City Defendants have waived

immunity on the tort claims which he asserts against them in this case.  By statute, both public

entities and employees waive immunity in a number of circumstances.  *See* § 24-10-106, C.R.S.;

*see also* § 24-10-118(2)(a), C.R.S.  In addition, a public entity may expressly waive immunity as

to particular claims through its governing body.  § 24-10-104, C.R.S.  However, absent a

statutory or express waiver, a plaintiff cannot proceed on state law tort claims against a

municipality.  In addition, with regard to claims against a public employee, if there is no waiver of

immunity, then a plaintiff must allege willful and wanton conduct to proceed on his claims.  *See* §

24-10-118, C.R.S.  This is because an employee who is sued for willful and wanton conduct does

not enjoy immunity under the CGIA.  *See Carothers v. Archuleta County Sheriff,* 159 P.3d 647,

652 (Colo. App. 2006).

As to Mr. Crumpton's state law tort claims of conversion and detinue, the Complaints are

deficient in that they do not allege sufficient facts to demonstrate either a statutory or express

waiver of immunity, or willful and wanton conduct.  However, the Court declines to dismiss any

claim on these grounds absent an opportunity to amend.  A Third Amended Complaint must

encompass any and all claims which Mr. Crumpton desires to assert in this consolidated action

along with sufficient facts to establish this Court's jurisdiction.

15

## IV.  Appointment of Counsel

Previously in this litigation, Mr. Crumpton requested the appointment of counsel.  In Civil Action No. 05-cv-00653, he did so while an appeal was pending and the Court denied his motion for lack of jurisdiction (**#36, #37**).  He also requested the appointment of counsel in Civil Action No. 05-cv-02343, but such motion was denied as premature (**#12, #13**).  He also requested the appointment of counsel in Civil Action No. 05-cv-02555, but it, too, was denied as premature (**#14, #15**).

The Court *sua sponte* revisits this issue.  In considering whether to appoint counsel in a civil case, the Court is guided by the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  These include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (citations and quotations omitted).

It appears that Mr. Crumpton has viable claims to assert.  At issue is whether his personal property was retained and destroyed without a forfeiture hearing or other due process.  Although he has attempted to properly frame appropriate claims, they are not easily addressed by an incarcerated person representing himself.  Appointment of counsel hopefully will sharpen the focus of the litigation.

The Court advises Mr. Crumpton that the granting of his request for appointed counsel does not necessarily mean that an attorney will appear on his behalf in this case.  In response to this Order, the Clerk of Court will contact eligible attorneys on its *pro bono* panel, and advise them that the Court has identified this case as one in which *pro bono* assistance might be appropriate.  Each attorney on the panel will have the opportunity to review the docket in this

16

matter to determine whether he or she desires to undertake representation.  An attorney will have the opportunity to decide whether to accept or deny appointment in this case.  Until and unless an attorney volunteers to appear as counsel for Mr. Crumpton, he will continue represent himself in this case.

Because the Court is giving Mr. Crumpton an opportunity to file a Third Amended Complaint, all summary judgment **(#70, #126, #130)** and related motions **(#89, #104, #114, #129)** are denied, as moot.

## V.  Other Matters

### A.  Motion to Accept Response

Mr. Crumpton moves **(#92, #95)** the Court to accept, as timely filed, his response **(#91)** to the Federal Defendants' motion **(#63)** to strike his discovery request.  He asserts that when he first mailed this response to the Court, it was returned to him due to insufficient postage.  The Federal Defendants contend that this motion is moot because the Court granted their motion to strike and gave Mr. Crumpton an opportunity to amend his discovery request, which he did.  Mr. Crumpton filed no reply to rebut these contentions.  Based thereon, Mr. Crumpton's motion is denied, as moot.

### B.  Motion to Deem Denials as Admissions

Mr. Crumpton moves **(#93)** the Court to deem certain denials made by the Federal Defendants to four paragraphs in the Second Amended Complaint to be admissions.  In specific, he contends that the Federal Defendants' Answer contains several denials based upon "lack of sufficient information," when a minimal investigation would have allowed them to admit or deny the allegations in the Second Amended Complaint.

The Federal Defendants oppose the motion for several reasons.  First, they contend that Mr. Crumpton failed to confer with them as required by Local Rule 7.1(A).  Second, they contend that Mr. Crumpton has cited no legal authority to support the relief he seeks.  They assert that sanctions are inappropriate under Fed. R. Civ. P. 11, and that there is no basis for striking portions of the Answer under Fed. R. Civ. P. 12(f).  Finally, they contend that they answered the allegations in the Second Amended Complaint to the extent that they were able.

Mr. Crumpton has cited no legal authority to support his motion, and the Court is aware of none.  Indeed, to the extent that he desired to obtain admissions to these specific factual allegations, he could have done so by making a timely request for admission during the discovery period.  Therefore, this motion is denied.

## C.  Motion to Strike Answer

Pursuant to Fed. R. Civ. P. 8 and 12(f), Mr. Crumpton moves **(#107)** the Court to strike the Answer **(#88)** filed by Mr. LoTurco, Mr. Langley, and Mr. Johnson in their individual capacities.  He contends that the defenses enumerated in the Answer are legal conclusions devoid of factual support, fail to give notice of the grounds upon which they rest, and are simply denials of the asserted claims.

These Defendants argue that the motion should be denied for several reasons.  First, Mr. Crumpton did not comply with Local Rule 7.1(A).  Second, they contend that their affirmative defenses are sufficiently pled.  Third, they assert that many of their defenses are fully briefed in their summary judgment motion.  Finally, they contend that there is no basis for striking their Answer under Fed. R. Civ. P. 12(f).

No good cause having been shown, this motion to strike is denied.

18

**D.  Motion Regarding Local Rules**

Mr. Crumpton filed this motion **(#112)** to address his non-compliance with Local Rule 7.1(A) and with other rules prescribing document formats.  He concedes non-compliance with these rules, but asserts that such non-compliance was not intentional and states that he has no copy of the Local Rules.  He also states that the font type and size he has used on his filings is the only one available to him.  He asks the Court to mail him a copy of the Local Rules, and to waive the conference requirement in Rule 7.1(A).  The Federal Defendants oppose this motion, and contend that Mr. Crumpton should be required to comply with all applicable rules.

This motion is granted.  As a *pro se* litigant, Mr. Crumpton is not, as a general matter, relieved from the obligation to comply with applicable rules.  However, this Court routinely waives the conferral requirement in Local Rule 7.1(A) when one party is a prisoner.  In addition, the Court recognizes that prisoners may not have the resources to prepare filings which satisfy the formatting requirements of the Local Rules.  Therefore, the Court will not reject filings for such non-conformance.  However, the Court will direct that Mr. Crumpton be provided copies of the applicable rules so that he may comply with them to the extent he is able.

**IT IS ORDERED** that:

(1)    Mr. Crumpton's Motion to Strike **(#94)** the reply in support of the motion to dismiss is **DENIED**.

(2)    The City Defendants' Motion to Dismiss **(Civil Action No. 05-cv-02343 #58)** is **DENIED**.

(3)    The Clerk of Court shall canvass the *pro bono* panel to determine whether any qualified attorney is willing to accept appointment subject to the terms outlined above.  If an

19

attorney agrees to undertake volunteer representation or, if upon a canvassing the entire eligible

panel, no attorney has expressed a willingness to accept appointment, the Clerk of Court shall

promptly file and serve on all parties a notice to that effect.  Unless and until a volunteer attorney

is secured, Mr. Crumpton remains personally obligated to comply with all procedures and

deadlines established in this case.

(4)     Mr. Crumpton shall have sixty (60) days from the date of this Order to file a Third

Amended Complaint which encompasses <u>all</u> claims he intends to assert in this consolidated action.

(5)     The following motions are **DENIED**, as moot:

   (a)     The Motion to Join (**#89**) in the summary judgment motion.
   (b)     The Motion to Strike Plaintiff's Statement of Disputed Factual Issues
           (**#104**).
   (c)     The Motion to Proffer Summary Judgment Motion (**#129**).
   (d)     Mr. Crumpton's Motion (**#114**) to Proffer Evidence.
   (e)     The Federal Defendants' Motion for Summary Judgment (**#70**).
   (f)     Mr. Crumpton's Motion for Summary Judgment (**#130**).
   (g)     Mr. Crumpton's Motion for Judgment on the Pleadings (**#126**).
   (h)     Mr. Crumpton's Motion to Accept as Timely (**#92, #95**).

(6)     Mr. Crumpton's Motion to Deem Denials as Admissions (**#93**) is **DENIED**.

(7)     Mr. Crumpton's Motion (**#107**) to strike the Answer (**#88**) filed by Mr. LoTurco,

Mr. Langley, and Mr. Johnson is **DENIED**.

(8)     Mr. Crumpton's Motion (**#112**) regarding compliance with Local Rules is

**GRANTED**.  The Clerk of Court is directed to mail to Mr. Crumpton a copy of the Rules of

Practice for the United States District Court for the District of Colorado, and a copy of the

undersigned Judge's Civil Practice Standards.

(9)     The Magistrate Judge is directed to convene a hearing under Fed. R. Civ. P. 16 for

purposes of issuing a Scheduling Order, immediately following which the parties shall set this

matter for trial.

Dated this 11th day of September, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge