IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00653-MSK-KLM
(Consolidated with Civil Action No. 05-cv-02343-MSK-KLM and Civil Action No. 05-cv-02555-MSK-KLM)

MICHAEL ANDRE CRUMPTON,

    Plaintiff,

v.

SA MARK FINNIN,
SA CLYDE A. LANGLEY,
SA JOSEPH C. JOHNSON,
SA FRANK A. LOTURCO, and
AUSA STEPHANIE PODOLAK
    All in Their Official and Individual Capacities,
CITY OF AURORA,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Finnin, Langely, LoTurco, Johnson and Podolak's (collectively, "Federal Defendants") Motion to Stay Discovery [Docket No. 174; Filed December 12, 2007] ("Motion to Stay"). Federal Defendants assert that they are entitled to immunity from Plaintiff's claims in this matter and seek to stay discovery while their immunity defense is pending before the Court. The Court notes that subsequent to the Motion to Stay, Federal Defendants filed a Motion to Dismiss which asserts the defenses of sovereign and qualified immunity [Docket No. 180; Filed December 21, 2007]. The Motion to Dismiss has not been referred to this Court. Plaintiff filed a response in partial opposition to the Motion to Stay on January 4, 2008 [Docket No. 185],

and Federal Defendants filed a reply on January 14, 2008 [Docket No. 189]. The Motion to Stay has now been fully briefed and is ready for resolution.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED in part and DENIED in part** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26 (c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Federal Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Federal Defendants' burden. Here, Federal Defendants filed a Motion to Dismiss the claims against them on the grounds of sovereign and qualified immunity. Courts have routinely held that discovery

2

should be stayed while the issue of immunity is being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff is outweighed by the burden on Federal Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending. The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not outweigh Federal Defendants' burden here given their pending immunity defense. *See String Cheese*, 2006 WL 894955, at *2. However, the mere pendency of a Motion to Dismiss on the grounds of immunity does not entitle Federal Defendants to a complete and indefinite stay.

In this case, Plaintiff agrees that a partial stay is appropriate, but argues that discovery should be permitted to resolve the issue of whether qualified immunity applies. While this is a reasonable request, the Court notes that the Motion to Dismiss has been briefed by Plaintiff without the benefit, or the apparent necessity, of discovery [Docket No. 187; Filed January 10, 2008]. *See, e.g.*, *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (noting that a stay can be granted while allowing discovery on a dispositive issue, however discovery on that issue must be shown to be necessary). In such a situation, limited discovery on the issue of qualified immunity would not appear to be necessary.

Plaintiff also requests that the Court limit the stay by allowing Plaintiff to seek discovery from Federal Defendants (1) regarding Plaintiff's claim against the City and (2) regarding their official capacity claims. The Court is persuaded that to the extent there are contested facts involving the underlying incident which forms the basis of Plaintiff's claims against the City of Aurora, discovery may proceed against Federal Defendants regarding those facts. *See Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004). However, the Court is not inclined to grant discovery against Federal Defendants in their official capacities. No explicit injunctive relief has been sought against them in their official capacities, and the Court is not persuaded that this type of discovery should proceed during the stay. The Court notes that this decision is consistent with *Rome* in that although the Court contemplated discovery during the pendency of a stay on matters relating to the individual defendants' official capacities, such discovery appeared to be limited to issues relating to injunctive relief only. *See id.* at 643, 645. In addition, Federal Defendants also move to dismiss Plaintiff's case against them pursuant to sovereign immunity, which may have the same effect on discovery as assertion of a qualified immunity defense. *See Liverman v. Comm. on the Judiciary*, 51 Fed. Appx. 825, 827-28 (10th Cir. 2002) (unpublished decision); *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 244 F. Supp. 2d 1130, 1141-42 (D. Colo. 2002).

The Court makes no prejudgment about the type of discovery Plaintiff may propound, but only notes that he must strictly limit his discovery requests to Federal Defendants to disputed factual issues regarding the actual events underlying his claims. Moreover, the Court reminds Plaintiff that his stated intention to depose Federal

4

Defendants more than once is not automatically sanctioned by the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that discovery is **STAYED** as between Plaintiff and Federal Defendants **for a period of sixty (60) days** from the date of this Order, **except that Plaintiff is entitled to seek discovery from Federal Defendants regarding contested facts of the underlying incident.** The Court notes that the limited discovery Plaintiff is permitted to propound by this Order does not include discovery on the issue of qualified immunity or discovery against Federal Defendants in their official capacities. Discovery is not stayed in any fashion as between Plaintiff and the City of Aurora.

Dated: January 23, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix